# WHEELING.

## Mason City S. & M. Co. *v.* Town of Mason.

Submitted June 29, 1883—Decided December 15, 1883.

1. An injunction will lie to restrain a town from opening streets and alleys through a person's land against his consent, without first having the same lawfully taken and condemned and compensation to such person ascertained in the manner prescribed by law. (p. 220.)

2. If an incorporated town attempt to open streets and alleys through the land of any person against his consent, claiming that the land sought to be taken for that purpose has been dedicated to the use of said town, the burden of alleging and proving such dedication is upon such town. (p. 218.)

3. If a proper bill be filed to restrain and enjoin a town from opening streets and alleys through the land of any person against his consent, and a preliminary injunction be awarded therein against the said town, and the plaintiff in his bill states a case wherein he is clearly entitled to the relief prayed for, if the allegations of his bill should be sustained by sufficient proof, such injunction will not be dissolved upon the filing of the defendant's answer, unless such answer substantially denies all the material allegations of the said bill. (p. 220.)

Woods, Judge, furnishes the following statement of the case :

This is a bill filed by the Mason City Salt and Mining Company, a corporation existing and organized by and under the laws of this State, against the town of Mason, an incorporated town in this State, to enjoin and restrain the said *town* from opening certain streets and alleys through the plaintiff's lands without having first condemned the same to the public use. The material allegations of the plaintiff's bill are, that it is the owner in fee simple of a certain tract of land in the county of Mason in this State lying adjacent to the corporate limits of the town of Mason, containing about two hundred and seventy-three acres; that it, and those under whom it claims title to said land have been in the open, notorious and continuous possession of said land ever since, and before the 15th of September, 1856, claiming the said

land and exercising acts of ownership over it as the property of the said plaintiff and those under whom it claims; that the defendant wrongfully claims that certain portions of said land which it designates and describes as " *Wide alley, from Brown street to Anderson street, and alley D. from First street to Front street,*" that said "Wide" alley is twenty feet wide, and alley "D." is sixteen feet wide; that the said defendant pretends that said "alleys," many years ago, were, and that they had been dedicated to it by the then owner of said land for the public use of said town; that neither the said defendant nor any other person, officer or corporation at any time whatever in any manner whatever accepted said pretended dedication of said pretended alleys, nor did the said defendant either by its officers, agents or servants, do or cause to be done any work on said pretended alleys, nor did any person or public authority do any work on said pretended alleys within the boundaries claimed by the defendant, and the said defendant refused to accept said pretended dedication of said "Wide" alley and alley "D;" that the plaintiff owns and is seized in fee simple of the lands abutting to said "alleys;" the defendant has no interest or right, title or estate of any sort whatever in the real estate designated by said streets and *alleys*; that the real estate over which said pretended streets and said " *Wide*" alley and alley "D." has been enclosed by a good and substantial fence built by those under whom the plaintiff claims its title to said land for a period of more than ten years past, and that two dwelling houses were built by those under whom the plaintiff claims title, on that portion of said land which is designated "Wide" alley; that said parties under whom it claims title to said land, built another large house between said pretended streets; that these buildings are worth one thousand five hundred dollars and are now used and occupied by the plaintiff; that the plaintiff is the owner of a large salt furnace and bromine works next to and adjoining said pretended streets and alleys, and is manufacturing large quantities of salt and bromine at that place; that to carry on said works successfully, it is necessary for him to use said pretended "Wide" alley and alley "D;" that the defendant, through its officers, agents and attorneys, is threatening to tear down said fences enclosing

said lands, and to tear down said buildings and remove the same, and in execution of said threat, the defendant through its town council, street commissioner and town sergeant, has commenced and destroyed a portion of said fence enclosing said land; that the defendant, through its council and officers, is threatening and attempting to take said "Wide" alley, alley "D" and a portion of a pretended street called *Front street* and convert and appropriate the same to the public use of said town without any legal condemnation of the same and without compensating or in any way paying plaintiff therefor; that said defendant through its town council and duly authorized agents is persisting in its threats to tear down all said fences, remove said buildings and take said pretended streets and alleys and convert the same to the use of the town of Mason for streets and alleys against the consent of the plaintiff, to his irreparable injury, and thereupon prays that said *defendant* "the town of Mason," its council, street superintendents, sergeants, officers, agents and servants be enjoined from entering upon the said premises designated as part of *Front street* and "Wide" alley and alley "D," and from removing, tearing down or interfering with said fences, houses and buildings and also from attempting to take said premises or any part thereof and converting the same to the public use of said town of Mason as streets and alleys until they answer and show cause why the said defendant, its council, officers and servants should not be perpetually restrained from doing so, and for general relief.

This bill was duly verified by G. Y. Roots, president of Mason City Salt and Mining Company, and presented to the judge of the circuit court of said county, who awarded an injunction thereon in these words:

" The defendant, the Town of Mason, its officers, agents and employes are restrained, inhibited and enjoined from entering upon the premises and real estate claimed by plaintiff, and set out and described in the plaintiff's bill and exhibits, and from removing, tearing down or in any manner interfering with the fences, houses and buildings upon said premises and from taking said premises, or any part thereof, for the public use, or otherwise interfering there-

with, without first obtaining condemnation thereof, as prescribed by law, until the further order of the court.  But this injunction is not to take effect until the plaintiff, or some responsible person for it, shall give bond, with good security, before the clerk of the circuit court of Mason county, West Virginia, in the penalty of one hundred dollars, conditioned to pay all such costs as may be awarded against the plaintiff, and all such damages as may be incurred by any person by reason of said injunction in case the same shall hereafter be dissolved.

"*To the Clerk of the Circuit Court of Mason County, West Virginia:*

"J. Smith,
"*Judge of the 7th Jud. Dis.*

"*June 23d, 1876.*"

This bill was filed, injunction made effective, and process executed on defendant, and decree *nisi* taken at July rules, 1876; and at August rules the bill was taken for confessed, and set for hearing by the plaintiff.  At a circuit court held for said county on the 16th day of October, 1876, the defendant appeared by its attorney and demurred to the plaintiff's bill, in which the plaintiff joined.  No further action was taken in the cause until April 5, 1878—when the defendant again appeared, and moved the court to dissolve the said injunction.  On the 19th day of April, 1878, the court overruled the demurrer, and also the said motion to dissolve the injunction, and required the defendant to *answer the plaintiff's bill*, by the first day of the next term of said court.  The defendant made default and failed to file its answer at the next term of said court, and no proceedings were had until April 15, 1879, when the defendant filed its answer to the plaintiff's bill, to which it replied generally; and the defendant again moved to dissolve said injunction, and the plaintiff moved to continue the cause.  The answer on the day it was filed' was verified in the usual form, by the oath of the mayor of the defendant.

The answer in substance alleges, the said streets and alleys were dedicated to the use of said town by one Payne on the 15th of September, 1856, and the paper-writing whereby the dedication was duly recorded in said county on

the 16th of September, 1856, and that the deed under which the plaintiff claims title to one undivided moiety of said tract of land, although dated on the 1st of February, 1856, was not *delivered* until the 4th of April, 1857, nor recorded until the 5th of January, 1858, and that therefore the said dedication was made while ·Payne owned the fee to the whole tract; that it is not true that the plaintiff is seized in fee simple of that portion of the lands covered by said streets and of "Wide" alley and alley "D;" that it is not true that the plaintiff and those under whom it claims title to said land, included in "Wide" alley and alley "D," or of any of said streets, have been in continuous, notorious and adverse possession thereof before and ever since the 16th September, 1856, claiming and exercising acts of ownership over the same as the property of plaintiff and of those under whom it claims; that the said town of Mason did accept said dedication of said streets and alleys and caused the same to be worked, and that the defendant's title to said streets and alleys as made by said dedication is good and clear, and that the plaintiff has not a good, clear, legal or equitable title to the fee simple in said lands nor to any part of them; that it is not true that Front street, Anderson street, alley "D" and "Wide" alley have been enclosed by a good and substantial fence built by the parties under whom the plaintiff claims its title for more than ten years past (before the filing of the bill); it is not true that the dwelling-houses and other buildings were built on "Wide" alley and Front street more than nine years last past before the filing of the bill; that the use of said streets and alleys are not necessary for the successful prosecution of the plaintiff's business; it is not true that it would be a great and irreparable injury to the plaintiff to tear down the fences and remove said buildings from said streets and alleys, but on the contrary it would greatly benefit the plaintiff to do so; and that since the filing of said bill the plaintiff has removed all obstructions from two of said streets and opened them to the public and delivered them to the defendant and given it notice to work and keep them in repair.

On April 22, 1879, the circuit court rendered in the cause a final decree as follows:

"And this cause came on this day to be heard upon the bill and its exhibits, the answer of the defendant, the general replication thereto, and the motion to dissolve the injunction heretofore awarded in this cause, and on a motion to continue by complainant, which motion was overruled, and was argued by counsel; and upon mature consideration, the court is of opinion that the plaintiff is not entitled to the relief prayed for, and that said injunction ought to be dissolved. It is, therefore, adjudged, ordered and decreed that said injunction be and the same is hereby dissolved and the bill dismissed, and that the defendant recover of the plaintiff its costs by it about its defence in this behalf expended."

From this decree the plaintiff obtained an appeal and *supersedeas* from a judge of this Court.

*Smith & Knight* for appellant.

*Tomlinson & Polsley* for appellee.

Woods, Judge :

The appellant assigns three several grounds of error in the said decree. "First—That the court erred in dissolving said injunction at the same term at which the answer was filed, under the special circumstances surrounding this case. Second—In overruling its motion for a continuance, and forcing the plaintiff to a hearing at the same term at which the answer was filed. Third—In dismissing the bill at the time of dissolving the injunction, as section 13 of chapter 133 of the Code gave the plaintiff until the last day of the term to show cause against the dismissing of the bill." As there is nothing in the transcript of the record of this cause to show when the said term of the circuit court ended, it does not appear that the said bill was dismissed before the last day of the term.

The counsel for the appellee insist that, the injunction was rightly dissolved, notwithstanding the answer had been just filed, because a plaintiff obtaining an injunction is required to be always ready to support the allegations of the bill by sufficient proof to show a *prima facia right* to the relief prayed for, and if he fail to do this, and all the material alle-

gations of the bill entitling him to such relief, are "fully, fairly, plainly, distinctly and positively" denied by the answer, the injunction will be dissolved.   *Hazlett* v. *McMillan, &c.,* 11 W. Va. 424; High on Injunc., § 205; Hilliard on Injunc., § 37, ch. 3.   In the case under consideration, the allegations of the bill were so full, precise and explicit, that if they were proved as alleged, or admitted to be true, or were confessed by the defendant, the plaintiff was clearly entitled to the full and exact measure of relief prayed for, and that was, a perpetual injunction to prevent the defendant from taking from the plaintiff his private property for public use, until the same was lawfully condemned, and the compensation to which he was entitled paid or secured to be paid in the manner prescribed by law.   This bill was taken for confessed at August rules, 1876, and stood on the docket ready for final hearing against the defendant, which did not appear until October 16, 1876, when it appeared and demurred, and although the plaintiff promptly joined in said demurrer, it let the matter rest for eighteen months, and with the bill standing taken for confessed against it, without offering to file any answer, moved the court to dissolve the injunction.   The demurrer and motion to dissolve were both overruled and the court apparently of its own motion required the defendant to answer against the first day of the next term.   If the plaintiff had been at all disposed to take advantage of the defendant it might at the next term very properly have pressed the case to a final hearing with every allegation of the bill taken for confessed.   The defendant failed to answer at the time ordered by the court, and was in contempt of the court from April 5, 1878, to April 15, 1879, when it filed its answer, and again moved to dissolve the injunction.   To this answer a general replication was filed, which cast upon the defendant the burden of proving the truth of every affirmative allegation contained in its answer.   Up to the filing of the answer the plaintiff's bill was sufficiently proved, it was taken for confessed.   The plaintiff's bill alleged a clear legal title to the land in question, both by setting out the manner in which and the persons from whom it had acquired title, and accompanied the allegations of the bill with copies of various deeds through

and under which it claimed title, which appear in the transcript of the record; it alleged the plaintiff's present actual possession of said land at the time of filing the bill, and of the character and value of the improvements thereon and the purposes for which they were then used. It alleged the wrongful acts of the defendant, and filed as exhibits with it, certified copies of the order adopted by the "council" of the defendant ordering its town sergeant to open said streets and alleys, and also of the notice served on the plaintiff ordering the same to be done. But even if the plaintiff had had no valid paper title to said land, yet by his bill he alleges, such a state of facts, as by lapse of time, vested in him a clear legal title, even as against the former rightful owner of the land, for it alleges that it, and those through and whom it claims, had held open, notorious, continuous, adversary possession of said land for a period of more than ten years, claiming title thereto and exercising acts of ownership over it, and this possession, was by actual substantial enclosures during all that period, of the identical parcels of land to which said defendant pretended to claim title. If this be true, it had a clear and indefeasible title in fee simple to said land, acquired by such continuous, open, notorious and adverse holding under color or claim of title—*City of Wheeling* v. *Campbell*, 12 W. Va. 36.

But is the answer filed in this case, such, as entitles the defendant, long in default at the time of filing it, to either insist upon a dissolution of the injunction, or the dismission of the bill? It will be observed that nearly all the allegations of the answer, are in regard to affirmative matters, all of which by the general replication are denied, and in support of which no proof of any kind is offered. Upon well settled principles of pleading such allegations not proved present no grounds of defence against the plaintiff's bill. In contemplation of law it is the same as if they had not been alleged.

The answer in general terms denies that plaintiff is seized in fee simple of the lands claimed by it, but does not deny that the plaintiff claims title through the several conveyances filed with the bill, or that they do not include the land claimed by the plaintiff, or that the deeds do not pass the title to said lands, or that the said several grantors did not

in fact execute and deliver said conveyances to said several grantees, or pretend to show that said deeds convey or reserve to the defendant said "Wide" alley and alley "D." It does not deny that the plaintiff is in the actual possession of the land claiming to be the exclusive owner thereof, or that the land has been so enclosed and occupied for a period of ten years as alleged in the bill, but the denial of the alleged facts, vesting the plaintiff with good title acquired by adverse posesession of the land is so evasively made, that if hard pressed by the plaintiff's proofs, the defendant might almost say, it did not intend to explicitly, fully, clearly and positively deny the same; for it only alleges that "it denies that Front street, Anderson street, alley 'D' and 'Wide' alley have been enclosed by a good and substantial fence built by the parties under whom the plaintiff claims its title for more than ten years past (before the filing of the bill); and denies that the dwelling-house and other buildings mentioned in the bill, were built on 'Wide' alley and *Front street more* than *nine* years last past before the filing of the bill." These allegations are pretended to be full and explicit denials of the material allegations of the bill alleging facts showing perfect title in the plaintiff. If the land was *in fact enclosed, held* and *claimed* by the *plaintiff adversely* for a period *of ten years* before suit brought, that allegation cannot be held to be "explictly, fully, positively and clearly" denied by an allegation in the answer, which denies that it was so enclosed by a good and substantial fence, built by the *parties* under whom the plaintiff claims title; for if enclosed by any body, even by the plaintiff itself by any actual enclosure, however poor or unsubstantial, if being actually enclosed, and so held by the plaintiff for as *much as ten years*, it will be sufficient, and hence the defendant's denial, that it had not been so enclosed and held for *more* than *ten* years, is not necessarily a denial that it had been so held for as much as *ten* years. The same remarks apply with equal force to the pretended denial that the buildings had been erected and used for *more* than nine years—such denials might be literally true, and yet not a denial of the substantial, suggestive material fact, that they had been so erected and used for as *much* as *nine* years before suit brought.

The plaintiff has by its bill shown that, it has *good title* to the land in question; that the injury threatened and· attempted by the defendant is the actual appropriation of the land itself for the public use, against its consent and without condemnation or compensation. The defendant does not deny the attempted taking alleged, nor the destruction of the plaintiff's enclosure with the intent to convert the plaintiff's private property to the use of the public against his consent without compensation. The plaintiff stands upon the high ground of its constitutional rights, saying to the defendant, this land is my "private property, and it cannot be taken or damaged for public use without just compensation." Const. art. 3 § 8. The answer of the defendant shows no right possessed by it, to deprive him of this property, nor does its answer, "*fully, fairly, plainly, distinctly and positively*" deny the allegations of the plaintiff's bill on which the preliminary injunction was granted, and therefore the defendant upon the filing of such answer, was not entitled to a dissolution of the injunction, and much less, to a dismission of the plaintiff's bill. *Hazlet* v. *McMillan, supra.* We are therefore of opinion, that the decree of the circuit court of Mason county rendered in this cause on the 22d day of April, 1879, is erroneous. It is also insisted in argument on behalf of the appellee that the said circuit court erred in overruling its said demurrer, "because the plaintiff had not shown itself entitled to any equitable relief against the defendant." The bill is unobjectionable; there is no uncertainty or ambiguity in any of its allegations. For the wrong complained of the plaintiff had no adequate remedy at law. Actions of trespass brought against the persons passing over,· or using said streets and alleys, after the defendant had taken the same for such public use, would have been almost infinite in number, and practically endless and ruinous to the plaintiff. Such a case as this, is one peculiarly appropriate for the interposition of a court of chancery, which only is capable of affording adequate relief. This Court has settled this question, and it is no longer open to controversy. *Pierpoint* v. *The Town of Harrisville,* 9 W. Va. 215 and cases cited by Judge Green pp. 218, 219; *Anderson* v. *Harvey's Heirs,* 10 Gratt. 389; and *McMillen* v. *Ferrell,* 7 W. Va. 223.

The circuit court therefore did not err in overruling the defendant's said demurrer.

The general rule, from the conclusions reached in this opinion, would require this Court to enter a decree perpetuating the plaintiff's injunction, but as it appears from the record that the defendant may have a good defence to the plaintiff's bill, and that the plaintiff neither in the circuit court nor in this Court asked for a decree perpetuating its injunction, but only asked for a continuance of the cause thereby admitting that the burden of proof was upon it, and may have thereby misled the defendant in the circuit court and in this Court, we think it proper and more likely to attain the ends of justice, under the special circumstances in the cause, to reverse the decree and remand the cause to the circuit court for further proceedings therein to be had according to the principles settled in this opinion, and further according to the principles and rules in courts of equity; and that the appellee do pay to the appellant its costs by it, about the prosecution of its appeal and *supersedeas* in this Court expended.

Reversed.    Remanded.