# CHARLESTON.

## CLIFTON v. TOWN OF WESTON.

Submitted September 7, 1903—Decided November 28, 1903.

1. AFFIRMATIVE ALLEGATION—*Burden of Proof.*
    A bill alleges that certain deeds of plaintiff cover a certain strip of ground claimed by the defendant as part of a public street, which is denied by the answer. The burden of proof is on the plaintiff to establish such allegation. (p. 251).

2. STATUTE OF LIMITATIONS—*Burden of Proof.*
    The bill alleges title by adverse possession, which is denied by the answer. The burden of proof is on the plaintiff to show that such possession for the period of ten years has been continuous, actual, hostile, notorious and exclusive. (p. 252).

3. SYLLABUS APPROVED.
    The syllabus in the case of *Ralston* v. *Weston*, 46 W. Va. 554, approved. (p. 253).

4. MANDATORY INJUNCTION.
    In a case plainly calling for it, a mandatory injunction will be awarded to compel a nuisancer to remove obstructions from a public highway. (p. 254).

Appeal from Circuit Court, Lewis County.

Bill by Ella Clifton against the Town of Weston. From a decree disolving an injunction, plaintiff appeals.

*Affirmed.*

W. W. BRANNON and H. M. RUSSELL, for appellant.

EDWARD A. BRANNON, for appellee.

DENT, JUDGE:

Ella Clifton complains of a decree of the circuit court of Lewis County dissolving an injunction obtained by her against the Town of Weston.

Deducting from the bill and answer the numerous cumbrous and unnecessary allegations contained therein, this controversy narrows itself to the right of the public to an easement for public uses in a small strip of ground situated within or adjacent to Mulberry street in the town of Weston.

Plaintiff claims this strip, first, by virtue of her title papers for certain lots abutting on Mulberry street; second, by virtue of long continuous adverse possession thereto under claim or color of title. The defendant positively denies both of these claims. This casts on the plaintiff the burden of making good such claims by her proof. As to the first, she introduces no evidence to establish it, hence we may justly regard it as abandoned. As to the second, plaintiff fails to show such hostile, actual, notorious, exclusive, continuous possession under claim of title as would destroy the public easement. The title to the land is not involved. Her deeds for her lots confer on plaintiff the title to the land to the middle of Mulberry street, subject only to the public easement, and she has the right to the possession and use of the same so long as she does not interfere with such public easement. *Spencer* v. *Pt. Pleasant & R. R. Co.*, 23 W. Va. 406; *Ralston* v. *Weston,*

46 W. Va. 544, (33 S. E. R., 326). Her possession and enclosure thereof is not hostile to the public, so long as the easement is not needed for public use. It will be presumed that such possession is in subordination to the rights of the public until there is a plain and positive disclaimer of the public rights, the assertion of adverse title, and notice to the proper legal authorities. *Flynn* v. *Lee,* 31 W. Va. 487; *Hudson* v. *Putney,* 14 W. Va. 561; *Clarke* v. *McClure,* 10 Grat. 305; *Jarvis* v. *Grafton,* 44 W. Va. 453; *Taylor* v. *Philippi,* 35 W. Va. 554. Nor will her possession and obstruction thereof by fences and buildings be deemed a public nuisance, but rather permissible use, until she has notice to remove such obstructions. So that her holding could not be deemed adverse until she refused to remove such obstructions and brought home notice to the proper authorities that she was claiming possession not in subordination to but in opposition to the public easement. While she holds the title to the land, the public easement therein is common property in which she enjoys the right of user along with the public generally, and there is no good reason why she should not use the whole thereof, and the public easement remain in abeyance, until such time as the public necessities might require the same. The law never presumes that a citizen, whose duty is to preserve, is engaged in destroying public rights, until the undutiful intent of such citizen is established by her own evidence. If it was her original purpose to defraud the public in taking possession of the street, she should now be able to establish such intention, with notice to the proper legal authorities. Failing to do so, the presumption must be in favor of the integrity of her citizenship and the legality of her actions. *Foley* v. *County Court,* decided at this term; *Commonwealth* v. *Moorehead,* 118 Pa. St. 344. Even allowing the statute of limitations applicable to cases of this character, under the decision of *Wheeling* v. *Campbell,* 12 W. Va. 36, plaintiff has failed to establish her right to the benefit thereof. This Court, however, has emphatically and advisedly disapproved of the doctrine sought to be established in the case of *Wheeling* v. *Campbell* and since unwittingly followed in some subsequent cases and has finally determined that such doctrine is not now and never was the law of this state. *Ralston* v. *Weston,* 46 W. Va. 544, (33 S. E. R. 326); 76 Am. St. R., 834, 87 Am. St. R., 775. The plaintiff insists that if the law is adhered to, many persons in

Weston will suffer the loss of valuable property they have acquired by fencing in the public highways of the town. If such be true, they ought to suffer. Persons who are so indifferent to the golden rule and their public obligations as to make the destruction of public easements the source of private gain deserve no commisseration at the hands of violated law. The more there are of such persons, the greater the need of those sovereign principles that prevent private aggression of public rights. The mistaken departure from these principles in the case of *Wheeling* v. *Campbell* has caused endless fictitious claims to portions of the public highways to spring up all over the state to be bolstered up by false swearing and manufactured evidence to the great detriment of public interests and private morality. The law as vindicated will put a stop to all such claims, restore respect for public rights and promote the welfare and peace of all communities alike. No man can or should be permitted to acquire in any manner whatsoever the sovereign rights of the people contrary to their sovereign will. Opposition to this doctrine tends to anarchy pure and simple.

The Court has already said so much on the subject of public easements heretofore that a continuance thereof has become nothing more than a vain repetition and a waste of words. *Foley* v. *County Court* and *Ralston* v. *Weston*, cited; *McClellan* v. *Weston*, 49 W. Va. 669; *Weston* v. *Ralston* 48 W. Va. 170. The circuit court dismissed the plaintiff's bill, and wholly ignored the defendant's prayer for affirmative relief. The dismissal of the bill thus carried the answer with it and was equivalent to a refusal of the relief prayed. By the dismissal of the bill the matter in controversy was determined against the plaintiff, and became *res adjudicata,* and having the parties before it, the court should have gone on and given the defendant complete relief so as to end the litigation between the parties over the subject matter of the suit. The dismissal of the bill carries with it the general replication and leaves the answer in so far as it seeks affirmative relief without replication. Under section 35, chapter 125, Code, its affirmative allegation on which is founded its prayer for affirmative relief must be taken to be true. The only real question of controversy presented by both bill and answer was as to whether the survey and plat made by Peter Flesher of Mulberry street were correct. The plaintiff alleged they were not

but failed to sustain such allegation by proof and her bill was dismissed. This was an adjudication of the issue in favor of the defendant. From the proof and the pleadings, it is apparent that the plaintiff abandoned claim to the controverted strip of ground under her title papers and relied wholly on her possession under the statute of limitations to destroy the public easement. This being determined against her, she was without a case and presented no defense to the affirmative allegations and prayer of the answer. Such being the state of the pleadings, the court should have entered a decree forever settling the controversy between the parties in accordance with the prayer of the answer, and thus put an end to further litigation.

The decree is amended so as to award a mandatory injunction requiring the plaintiff to remove all obstructions placed by her on Mulberry street as shown by the survey and plat of Peter Flesher, and as so amended, is affirmed, and the cause is remanded to the circuit court with directions to enforce the performance of such mandatory injunction.

*Affirmed.*

### ON PETITION FOR REHEARING.

DENT, JUDGE:

Plaintiff insists that the affirmative of the issue in this case was on the defendants. The only issue presented by the bill and answer and general replication was as to whether the plaintiff's deeds covered the strip of land in controversy. Plaintiff alleged that they did, and further alleged that the survey made by Peter Flesher was incorrect in that it showed that plaintiff's deeds did not cover the strip of land in controversy. If plaintiff's deeds did cover the strip of land in controversy, then the Peter Flesher survey would be incorrect, but if the plaintiff's deeds did not cover the strip of land in controversy, then the Peter Flesher survey is correct. The whole issue, therefore, depended on whether the plaintiff's deeds covered the strip of land in controversy. Plaintiff to sustain her equity alleged that they did. This defendant denied. Hence the issue. Without such affirmative allegation, the plaintiff's bill was without equity. When such allegation is denied, the equity is denied, unless sustained by proof. Not only had plaintiff

the affirmative of the issue, but it entirely depends on plaintiff's title papers, for the defendant had none. Not only had plaintiff the affirmative of the issue, but if true, the proofs thereof were entirely in her possession and under her control. The case that plaintiff relies upon as sustaining the proposition that the burden of proof is on the defendant is the case of *Mason City S. & M. Co. v. Town of Mason,* 23 W. Va. 211. A careful comparison between the cases will show that they materially differ with each other in every respect. In the former case the dedication of the streets sought to be opened was denied, and it was admitted in the pleadings that plaintiff's title papers covered the same. On page 218 JUDGE WOODS says, "The answer in general terms denies that plaintiff is seized in fee simple of the lands claimed by it, but does not deny that the plaintiff claims title through the several conveyances filed with the bill, *or that they do not include the land claimed by plaintiff,* or that the deeds do not pass the title to said lands, or that the several grantors did not in fact execute and deliver said conveyances to said several grantees, or pretend to show that said deeds convey or reserve to the defendant said 'Wide' alley and alley D."

In the present case the dedication of Mulberry street is admitted by plaintiff's title papers, and it is positively denied that such title papers cover the strip of ground in controversy, but that, to the contrary, they recognize the same as a part of Mulberry street. In the former case the statute of limitations was involved, but by the settled decisions of this Court, that question has been entirely eliminated from this case. Hence such former case is no authority, for shifting the affirmative of the issue from the plaintiff to the defendant. There is another reason which I suggest and in which the Court does not unite, that must have some force in the future determination of similar cases, as bearing on the burden of proof, and this is that since the determination of the case before referred to, the Legislature has seen fit to recognize town councils as inferior judiciail tribunals in the determination of questions involving the rights of individuals and property, and has made their decisions subject to review by the higher judicial tribunals of the State. Section 2, chapter 110, Code. It has thereby rendered unnecessary the appeal to equity in such cases unless in

reparable injury is threatened, or it is necessary to preserve the property in *statu quo* until the right thereto can be properly determined. In the present case, the only reason for an appeal to equity is because the defendant has notified the plaintiff to move her fence back off the street. She had a perfect right without coming into equity to present her case to the town council and on a finding adverse to her, to have the matter reviewed by the higher judicial tribunals of the State. If the survey of Peter Flesher was incorrect, she had the right to bring the matter to the attention of the town council, and on their failure to correct it, to have such correction made by the circuit court. Hence so far as the case shows, she had a perfectly adequate remedy at law, as there is no proof that she had applied to the town council and they had refused her relief or that it was in any way preventing her from obtaining a hearing of her grievances, or was going to seize her property. The town council is a local tribunal authorized to hear and determine all questions of nuisance between its citizens and the public, and its final orders and judgments are subject to control and review by the higher judicial tribunals of the State, and there is no good reason why it should not be appealed to in the first instance, unless irreparable damage is about to be done, by the taking of property contrary to law, which it is powerless to or refuses to prevent, and if the plaintiff disregards such an available remedy he should assume the burden of proving his equity.

It is the duty of this Court to give to, and insist that proper respect should be given to, the determination of all inferior tribunals and throw around them the presumption that they will afford all applicants speedy redress of their grievances in accordance with law, especially when the law affords a prompt and legal mode for reviewing their final decisions by higher tribunals, and in no case should a resort to equity be entertained when such mode of review exists and furnishes adequate relief. *Board of Education* v. *Holt, Judge,* 51 W. Va. 435.

The town council of Weston is authorized by law to superintend the public highways within its jurisdiction, and keep them free from nuisances. As incidental thereto, it has the right to determine when a nuisance exists, and if it makes such determination wrongfully, its action may be reviewed and reversed, by writ of *certiorari.* The council in the present case

made a preliminary survey of its streets according to plaintiff's title papers, and found that plaintiff's fence encroached upon the street. It thereupon notified her to remove the same. She without applying to the council for relief as to the survey, immediately obtained an injunction claiming that her title papers covered the strip of ground claimed to be a part of Mulberry street. The council had already determined this question to the contrary, *ex parte* it is true, but she had the right to apply to it for a review of such *ex parte* determination, and she had no right to the aid of a court of equity unless she could allege and prove that she was threatened with irreparable injury or at least that the council was about to take her land without condemnation. In short, to sustain her injunction she must both allege and prove that it was her land the council was about to take from her by illegal methods. The town not only denied that it was her land but demanded that she be required to abate the nuisance maintained thereon by her. She having failed to maintain her case, the court could not do otherwise than require her to abate the nuisance that the litigation between the parties might be finally ended. She alleges in her bill that she will be greatly injured by the loss of this strip of ground. This is denied in the answer, and there is no proof of such injury. She still insists that she is greatly injured by the retroactive effect of the decision in the case of *Ralston* v. *The Town of Weston,* 46 W. Va. 544, because it takes from her a strip of ground to which she has shown no title except that she has occupied and used it for more than ten years. In short, because the public has magnanimously permitted her to occupy and use a portion of the public highway, for more than ten years, that the public easement therein has been thereby destroyed and can not be reclaimed by the public except by condemnation and payment of compensation therefor. She occupies and uses the public land without rental, and when the public would reclaim it, she demands payment for restoring it, and claims that otherwise she will be greatly injured. She gets all, the public gets nothing, but must pay her for its own. She failed to show that her title papers covered the land in controversy, hence she has failed to show that she had a claim of title thereto as her claim of title was asserted under such title papers and mere occupancy without claim of title will not vest title in her. Her claim of title did

not cover the land. In addition all sovereignty resides in the people of this country, all sovereign rights belong to them, and the title to all lands are derived from them. The plaintiff holds title to her lots by authority of the peolpe alone. She cannot acquire any rights in the public highways except by appointment or consent of the people as the highways appertain to the people's sovereign rights, and the decision of any court, it matters not how long or how often acquiesced in, that attempts to deprive the people of their souvereign rights contrary to their will and appointment, should be regarded as a nullity and as furnishing no rule on which to found the rights of private property, but subject to disapproval whenever properly brought in question. Such decisions are violative of the fundamental principles of popular government and it is the duty of every participator in the people's souvereignty, who enjoys rights and protection thereunder, to repudiate the benefits of such decisions and seek to blot them out at their earliest opportunity. As such decisions are not merely *malum prohibta,* but *malum in se,* every citizen must take notice of their vicious character, and if moved by covetousness any citizen attempts to take advantage thereof to his private emolument, in total disregard of his sovereign duties, he has no reason to complain when he is deprived of his unlawful gains by the restoration of the people's sovereign rights according to their will and appointment.

The high character and extensive learning of the judges who render a decision subversive of the souvereign rights of the people, add to such decision neither strength, nor potency, but only tend to show the imperfection of the human intellect, and that wisdom is not confined to the sages, but that they may sometimes be led to their advantage by a "little child."

UPON APPLICATION FOR REHEARING.

BRANNON, JUDGE:

It was claimed in oral argument that the bill states that Ella Clifton owns the disputed strip of ground, because included in her deed, and that it is not a part of Mulberry street, and that the answer does not deny this, and that the bill ought to be taken for true, and thus establish her right to the ground free of street servitude. This contention can not be sustained by bill

and answer. The bill asserts that the disputed strip is the plaintiff's, not a part of the street; the answer asserts that it is a part of the street, and not within the plaintiff's deed. The whole drift and general intent of the answer is in denial of the facts alleged for relief in the bill; it fairly denies it logically. They both cannot logically co-exist in harmony. If the one is true, the other is not. An answer is sufficient if it substantially denies the bill. *Mason* v. *Town,* 23 W. Va. 211. Such is the result upon a general construction of bill and answer. But look at the specific allegations. This bill says that plaintiff owns the ground which the town is about to take, and it is not a part of Mulberry street. The answer pointedly says that the street as laid out on the plan of Butcher's Addition was fifty feet in width in front of the Clifton property and when dedicated and accepted had that width, but that "said street has been encroached upon by the plaintiff during the time of her ownership of the property adjoining until said street is now narrowed to the width of thirty-nine feet at its widest point and thirty-seven feet at its narrowest point." It charges that the plaintiff has deliberately moved out her fencing upon said Mulberry steet to the extent of twenty-two feet as a part of her property. Respondent charges that no part of said street was ever conveyed or ever purported to be conveyed by any deed to the plaintiff, but that she "deliberately moved out her fence and included said strip within her property." It again asserts that she claims ground beyond her deeds, and adds: "Respondent charges that the plaintiff has enclosed within her lot ground of the width of twenty-two feet, and that she has thus one hundred feet called for in her title papers exclusive of the strip of Mulberry street enclosed by her." How can it be said that the answer does not deny the allegation of the bill that the plaintiff's deed covers the disputed strip, and that she has not invaded the street or enclosed any of it? In other clauses the answer denies this matter of the bill.

In view of an earnest argument on a petition for rehearing as to the burden of proof, I deem it proper to discuss that question. Upon whom rests the burden of proof in this case? As just stated the bill avers that the plaintiff's deed includes the strip in controversy. A plaintiff in ejectment or trespass, or in chancery, suing to recover ground, or damages to it, or rights in it, must lay down his deed upon the ground to see whether it

covers it. He cannot succeed without showing it to be his ground. This is affirmative matter. He cannot call upon the defendant to prove that he is in the right, and the charge against him false. The plaintiff says her deed gives her lots one hundred feet in length. She admits that where that one hundred feet ends at the west end of her lots is Mulberry street. Is she not called on to prove just how far her hundred feet goes, where her deed goes? Or is she not called upon to show the line of the street, where the fifty feet goes? When she shows one or both she shows the true location of lot and street,. and shows either that she does, or does not, invade the street. This is affirmative, not negative matter. It is capable of physical proof. Simply because an answer asserts affirmative facts by way of denial of affirmative facts of a bill does not put the burden on the defendant. An answer may simply deny by negative words the allegation of a bill, or it may deny the bill by asserting facts logically denying it, facts, which, if true, render it false. This is not confession and avoidance; it lacks the element of confession; it is travers; the facts deny the truth of the allegation, by making it impossible for that allegation to be true. "As a general rule the burden of proof rests with that party who would be defeated if no evidence at all were offered." 11 Amer. & Eng. Ency. L., 2d Ed. 335. Can it be thought that the plaintiff could succeed without proof? The plaintiff says that the strip in dispute is not a part of the street. She must prove it. It cannot be though that because this assertion is in negative form the plaintiff is excused from proving it, and the defendant must prove that it is a part of the street. "It is well settled that whoever asserts a claim or defense which depends upon a *negative* must, as in other cases, establish the truth of the allegation." 1 Jones on Ev., section 178, giving the instance where a party asserts that another did not build according to specifications; that proper care had not been used, and other instances. "The burden of proving any given claim or defence rests upon the one who asserts it. Whoever desires any court to give judgment as to any legal right or liability dependent on the existence or non-existence of facts which he asserts or denies to exist, must prove that those facts do or do not exist." *Id.* "The burden is upon him who asserts the affirmative in *substance,* rather than in mere form." *Id.* We find in 5 Eng. & Amer. Ency. L., 28, this, after statement that

the form of allegation, whether negative or affirmative, is of no consequence: "If, regardless of terms, it is borne in mind that when the issue is joined he has the burden of proof who seeks to move the court to act in his favor, the question of whether the grounds of his claim are alleged affirmatively or negatively is really of no consequence. And if the term 'affirmative' is insisted upon as being inseparable from the 'burden of proof', it must be remembered that the affirmative of the issue does not depend upon the form of the pleading, but the rule is concerned with the substance of the issue, and that only. Therefore, where the proof of negative matter is essential to the maintenance of a cause of action, this may necessitate a negative averment, and the plaintiff has the burden of proving it, because looking at the substance of the issue as a whole, he must be regarded as asserting the affirmative thereof." Apply this law in this case. To succeed the plaintiff must, as she did, assert two facts; first, that her deed covered the ground in dispute; second, that the street did not; and she had to prove one or the other, and thereby prove both. She asserted a tort by the town, and she must prove the elements going to constitute the tort; otherwise she would fail. The plaintiff must prove a tort.

But it is contended that the town failed to prove that Peter Flesher's survey and plat show the true location of the street. To this there are two answers. The first is, that "it is incumbent on the plaintiff to show by allegations and proof his right to a decree before he can require the defendant to sustain the affirmative allegations of his answer." *Bryant* v. *Groves,* 42 W. Va. 10. Plaintiff had to prove that her lots, and not the street, covered this ground before demanding proof that the Flesher plat is correct. It might be incorrect, and yet the claim of the plaintiff wholly or partially incorrect. The second answer is, that the plaintiff in her bill first presented Flesher's survey as the claim of the town, and affirmed that its basis was an old line called the "Bank's line," and that that line had not been properly located by Flesher, and his survey was not correct. The answer denied this by asserting that Flesher's survey was correct. The town did not, but the plaintiff did, thus assume the burden of proof as to this survey. Under law above given she was called upon, not to prove a logical negative, but to show where the Banks line is, where the streets is, and thus overthrow Flesher's plat. She must

herself show the true physical location of that line, and defeat that plat, and sustain her own assertion. We must not too much rely on the rule that a negative cannot be proven, but look at the subsance of the issue, not merely the form of the allegation.

The case of *Mason C. S. & M. Co.* v. *Mason,* 23 W. V. 211, is cited as pointed authority to sustain the appellant. It cannot rule this case. There the bill asserts title in the plaintiff by deeds and that they covered the ground which the town proposed to open as a street; also that the plaintiff had possession for a time sufficient to give title, and thus sets up two reasons showing title. The answer denied neither. The court said that the answer did not deny that the plaintiff claimed title by its deeds, did not deny that its deed covered the disputed ground, or that they did not pass title to it, and did not deny the possession alleged by the bill as giving title. How could the plaintiff be asked to prove those matters when they were not denied? The answer was held not good to put those matters in issue. Of course, the defendant was held to prove matter not denying the answer, affirmative matter, such as dedication. The syllabus shows if there had been a proper answer denying that the plaintiff's deeds covered the ground in dispute, and claiming it as a street, and denying possession, it would have called upon the plaintiff to prove those matters. It sustains the position taken in this case when properly read. *Seim* v. *O'Grady,* 42 W. V. 77, is a case where a bill was filed to sell a curtesy for a judgment in land bought by the wife, but to whom no deed was made in her lifetime, but was made to her heirs after her death, which deed acknowledged payment of purchase money by her. Defendants set up that she only paid part of it, and they had paid the balance. This was affirmative matter which rested on the defense to prove. The court said as the deed acknowledged payment by her, its recital was evidence against the heirs, and made a *prima facie* case of payment by her, which the defendant must meet. The case is no authority in this case.

As to the contention that the decision in *Wheeling* v. *Campbell,* 12 W. Va. 36, that there can be adverse possession to bar the public right in a street vested property, and that the later decisions in *Ralston* v. *Town of Weston,* 46 W. Va. 544, and other later cases take away vested right of property acquired by

such possession without due process of law, contrary to the Constitution of the United States, amendment 14.

I think the point not well taken. I will simply refer to what is contained in an opinion in *Town* v. *Ralston*, 48 W. Va. 170, 187, and add that the *Central Land Co.* v. *Laidley*, 159 U. S. 103, overrules this contention in the syllabus reading as follows: "When the parties have been fully heard in the regular course of judicial proceedings, an erroneous decision of a state court does not deprive the unsuccessful party of his property without due process of law, within the fourteenth amendment to the Constitution of the United States." *Merchant* v. *Penn. R. Co.*, 153 U. S. 380, holds the same.