# CHARLESTON.

THOMPSON DALE *v.* JOHN ATWELL

(No. 5798)

Submitted May 3, 1927.     Decided May 10, 1927.

1.  MINES AND MINERALS—*Declaration Held Sufficiently to Aver Breach of Oral Coal-Mining Contract, Excusing Plaintiff From Further Performance.*

    The allegation in a declaration on an oral contract to dig and mine coal, that defendant instructed, ordered and demanded plaintiff to cease, and stopped him from further mining and delivering coal, sufficiently avers a breach of the contract by defendant, amounting to a renunciation and repudiation of the contract by him, excusing further performance thereof by plaintiff, and giving him right of action against defendant as for a breach thereof. (p. 591).

    (Mines and Minerals, 40 C. J. § 761.)

2.  PLEADING—*Special Count in Action for Breach of Coal-Mining Contract, Sufficient to Give Notice of Plaintiff's Claim, May be Treated as Bill of Particulars.*

    Where the special count, as in this case, is sufficient to give the defendant notice of the plaintiff's claim, it may, in the absence of a more formal bill of particulars, be treated as such, for the purposes of the action. (p. 592).

    (Pleading, 31 Cyc. p. 588 [Anno].)

3.  DEPOSITIONS—*Witness' Ex Parte Statement Taken by Court Before Trial, in Absence of Party Calling Witness, is Not Admissible in Absence of Witness, Unless Agreed to by Both Parties.*

    An *ex parte* statement of a duly summoned witness, taken by the court prior to the trial, and in the absence of the party for whom called, shall not be read in evidence, in absence of said witness, unless agreed to by both sides. (p. 592).

    (Affidavits, 2 C. J. § 140.)

    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, McDowell County.

Action of trespass on the case in assumpsit by Thompson

Dale against John Atwell. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*G. L. Counts,* for plaintiff in error.

*Froe, Capehart & Miller,* and *Karl F. Phillips,* for defendant in error.

WOODS, JUDGE:

This is an action of trespass on the case in assumpsit, instituted in the circuit court of McDowell county, in which Thompson Dale is plaintiff and John Atwell is the defendant. The declaration contains two counts, viz: (1) The common count in assumpsit, and (2) a special count setting out the alleged verbal contract sued upon. This special count alleges, in substance, that the defendant, as owner and operator of a certain coal mine, entered into a verbal contract with plaintiff, whereby plaintiff agreed to do certain grading for, and to construct, a tramway over which to convey coal to a loading point, to open certain mine entries, to dig and deliver coal at said loading point, to shoot down the coal and timber the mine, to open the drift mouth; that defendant agreed to furnish cars to be used in the mine, as well as the necessary timber for use in the construction of the said tramway, and for timbering the mine, and to pay the plaintiff $2.00 per ton for each ton of coal mined and delivered at said loading point. The special count then alleges that the plaintiff did the work aforesaid; that he began digging coal; that he loaded 100 tons, for which he was paid at the rate specified; that a quantity of 3,000 tons, exclusive of the 100 tons mined, remained to be mined; that if plaintiff had been permitted to continue his contract that he would have mined and delivered said coal in pursuance to and in accordance with the terms of the contract; that defendant ordered, demanded and stopped plaintiff from further mining, loading and delivering the remainder of the coal; by reason of all of which plaintiff alleged damage in the sum of $3,000.00. The case was tried by a jury, and a

verdict found in favor of the plaintiff for $700.00, and the trial court rendered judgment thereon.

We believe the declaration states a good cause of action. *Smith* v. *Atlas-Pocahontas Coal Co.*, 66 W. Va. 599.

Another point raised by the defendant is that a bill of particulars should have been required of the plaintiff. Plaintiff stated definitely in the special count of his declaration that 3,000 tons of coal remained, which he could have mined and delivered to the defendant in return for $2.00 per ton, had he been permitted to continue his contract, and that by reason of the said breach he was damaged in the sum of $3,000.00. This substantially stated the plaintiff's claim, and could be treated as a bill of particulars for the purposes of the case. *Wallace* v. *Pritchard*, 92 W. Va. 352. Generally the granting or the refusing of a motion for a bill of particulars is in the sound discretion of the trial court.

The principal point of error relied on for reversal is that the trial court erred in overruling defendant's motion for a continuance on account of the absence of John Nash, a material witness, duly summoned. On the day before the case was to be heard, John Nash, the witness, appeared in court and stated to the court that his sister was critically ill in Huntington and required his presence there, and that he wanted to leave that day for Huntington. The trial court, after a futile attempt to get in touch with either the defendant or his counsel, arranged to take a full and complete statement from Mr. Nash of his knowledge of the facts in the case. This was done in the presence of plaintiff's counsel, who were permitted to cross examine. On the following day—the day set for trial—attorney for defendant moved for a continuance of the case on account of the absence of witness John Nash. The court then had the stenographic notes of the testimony of John Nash read to defendant, in the presence of his attorney, and informed defendant if he could advise the court of any material facts expected to be proven by said witness and not already contained in said statement, that the court, if he deems the same material, will continue the case. After hearing defendant's statement, the court overruled the motion for

continuance, and had the stenographic notes read to the jury.

The defendant insists that he was entitled to a continuance, since the witness was absent on leave of the court, and through no fault of his own. The statement of Nash could be nothing more than an ex parte affidavit. And such affidavits are generally not admissible as evidence on a material question at issue. 2 C. J. 373; *Paterson* v. *Foga*, 38 Mo. 70; and cases there cited. It was not a deposition in any sense of the term. In the case of *Herold* v. *Craig*, 59 W. Va. 353, at page 356, the Court said: "Our statute, section 35, chapter 130, Code, is conclusive on this question. It provides that reasonable notice shall be given to the adverse party of the time and place of taking every deposition. As said by Dr. Minor, concerning the like Virginia statute, it leaves nothing to inference as to the necessity for notice. 4 Minor's Inst. 844." That was an equity cause. Section 34 of the same chapter provides for the taking of depositions of non-residents. The witness Nash was under the authority of the court, and could have been compelled to be present, and his testimony was evidently considered as material, else the trial court would not have taken his statement to be read at the trial. The defendant was entitled to have his witness in court for the purpose of rebuttal, if for no other. He had used all means in his power to secure his attendance. The witness was absent on leave of the court. The court was without authority to release a witness, and refuse a continuance, unless such witness was released by consent of the parties interested. For the above errors the case must be reversed.

While a point is raised on the substitution by the court of certain instructions of its own for those offered by defendant, no specific objections are pointed out, except that the three instructions offered by defendant correctly stated propositions of law applicable to the case, and that they are not fully embraced in the court's instructions. As we view it, the court's instructions very fully stated the law applicable to the case as made, not only embodying in substance the instructions asked for by defendant, but more clearly defining the issues involved therein. As new issues may be raised on the re-trial,

we deem it unnecessary to discuss the instructions further. Nor do we make any comment on the weight of the evidence.

The judgment will therefore be reversed, the verdict of the jury set aside, and the case remanded to the circuit court for a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*