JOHN GILBERT, *et al., Trustees, v.* COUNTY COURT OF
WYOMING COUNTY

(No. 8897)

Submitted October 3, 1939. Decided November 21, 1939.

*Howard & Howard,* for appellants.
*R. D. Bailey,* Prosecuting Attorney, for appellee.

HATCHER, JUDGE:

In 1938, the assessor of Wyoming County assessed for
taxation the lands of Gilbert, et al., trustees. They sought
a reduction of his valuations before the county court and
presented testimony. No evidence was offered in oppo-
sition. The county court ruled that all of the applicants'

witnesses were incompetent to testify and affirmed the valuations of the assessor. The applicants appealed to the circuit court, where an affidavit was filed by the assessor, stating that they had made no return of their real estate for taxation in 1938 and that he had accordingly entered such valuations thereon as he himself considered fair. The circuit court struck this affidavit from the record, but denied the applicants any relief, because of their failure to show affirmatively that they had listed the property for taxation with the assessor. The valuations being in excess of $50,000.00, the trustees appealed to this Court.

The lands of appellants are shown to be of negligible value for farming purposes and of little value for timber. Several years ago Berwind Land Company purchased from appellants what it considered to be all of their land having merchantable coal. The coal remaining is said to consist entirely of small seams. The witnesses before the county court were a land surveyor and a civil and mining engineer who were thoroughly familiar with the lands, another civil and mining engineer who was generally familiar with them, and a mining engineer and a coal operator thoroughly familiar with the operation, and attempted operation of some of the same low coal measures that are on these lands. All are men of long experience and acquaintance with coal lands. We see no reason why they are not qualified to express opinions of the value of these lands. *Guyandotte Valley Ry. Co.* v. *Buskirk,* 57 W. Va. 417, 50 S. E. 521, 110 Am. St. Rep. 785.

The ex parte affidavit of the assessor was rightly excluded by the circuit court, for two reasons, both equally decisive: one, that under Code, 11-3-25, this appeal should be heard solely on the record made before the county court; and the other, that a substantial right of litigants is not to be determined upon an affidavit. *Herold* v. *Craig,* 59 W. Va. 353, 53 S. E. 466; *Dale* v. *Atwell,* 103 W. Va. 590, 593, 138 S. E. 201.

The circuit court based its decision on 11-3-10, which denies all remedy provided by law for the correction of an assessment, to a person whose duty it is to list his prop-

erty for taxation and refuses to do so. This duty is fixed by 11-3-2, as follows: "Beginning on the first day of January * * * the assessor or a deputy shall call on every person * * * who is liable to assessment, and thereupon such person shall furnish to such assessor or his deputy a full and correct description of all the real estate * * * of which he was the owner on the first day of January * * * fixing what he deems to be the true and actual value of each item of property * * * for the guidance of the assessor * * *; such person shall also at the same time make separate full and true statements in like manner and upon similar blanks to be furnished him, distinctly setting forth in each, a correct description of all the property * * * held * * * by him as * * * trustee * * *."

Thus it appears that the statute does not impose a primary duty on a trustee. The duty commences only when the assessor calls on him for a statement, furnishing blanks. It may be conceded that the assessor's performance of this duty in the absence of proof, would be presumed. But this concession would not aid the ruling of the circuit court, since there is no proof that the trustees did not also perform their duty. Assuredly, there is no presumption that they did not, and if there were, the cumulation of hypotheses would not rise to proof. Jones, Com. on Ev. (2d Ed.), sec. 1326; *Crotty* v. *Ry. Co.,* 115 W. Va. 558, 563, 177 S. E. 609; *State* v. *Corbin,* 117 W. Va. 241, 250, 186 S. E. 179. The burden was on the state, if it wished to resist the application of the trustees on the ground that they made no statement, to have submitted evidence thereon to the county court. "It is well settled that whoever asserts a claim or defense, which depends upon a *negative,* must, as in other cases, establish the truth of the allegation." Jones, *supra,* sec. 493. Accord: *Clifton* v. *Weston,* 54 W. Va. 250, 260, 46 S. E. 360. Furthermore, 11-3-25, conferring the right of appeal, does not make a report a condition precedent thereto. The section says "Any person claiming to be aggrieved by any assessment * * * who shall have appeared and contested the valuation * * * may * * * apply for relief to the circuit court

* * *." Hence, the land owner presents a *prima facie* right of appeal, upon allegation that he is aggrieved by the assessment and has appeared and contested it. This *prima facie* right "can be overthrown only by rebutting evidence adduced on the other side." *State* v. *Dodds,* 54 W. Va. 289, 300, 46 S. E. 228, 232.

The judgment is reversed and the case remanded to the circuit court for further proceedings.

*Reversed and remanded.*