THOMAS B. McNAIR v. EDWARD LEE BOYETTE
AND OSCAR LEE HALL

No. 34

(Filed 15 November 1972)

1. **Rules of Civil Procedure § 56— summary judgment — applicability to two types of cases**

The two types of cases in which summary judgment may be granted are those where a claim or defense is utterly baseless in fact and those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial.

2. **Automobiles § 50; Negligence §§ 29, 30— undisputed facts — summary judgment proper**

Where plaintiff and defendant in a personal injury case arising from an automobile accident were in agreement as to all facts concerning the manner in which plaintiff was injured, only a question of law with respect to defendant's negligence was left for the court to determine; therefore, the trial court properly entertained defendant's motion for summary judgment.

3. **Automobiles §§ 50, 87; Negligence §§ 10, 29, 30— automobile collision — insulating negligence — foreseeability — granting of summary judgment proper**

Where plaintiff stopped to render aid at the scene of an automobile collision between defendant Boyette and one Fowlkes and in so doing crossed a high-speed highway where the traffic was heavy in order to borrow a flashlight with which to direct traffic, and where plaintiff was struck by defendant Hall's car as he attempted to

recross the highway, defendant Boyette's negligence, if any, was not the proximate cause of plaintiff's injury, but was insulated by the negligence, if any, of defendant Hall; therefore, the trial court properly granted defendant Boyette's motion for summary judgment.

4. **Automobiles § 72; Negligence § 17— rescue doctrine — inapplicable where no injuries sustained**

The "rescue doctrine" was not applicable in this personal injury action where plaintiff sustained his injuries while making preparations to direct traffic and not while attempting to rescue occupants of the vehicles involved in the collision.

APPEAL by plaintiff pursuant to G.S. 7A-30(2) from the decision of the North Carolina Court of Appeals (15 N. C. App. 69, 189 S.E. 2d 590 (1972)) affirming the judgment of *Braswell, J.,* at the November 15, 1971 Civil Session of WAKE Superior Court.

Plaintiff seeks to recover $500,000 for personal injuries allegedly sustained as the result of the joint and concurring negligence of defendants in the operation of automobiles owned and operated by them on 24 December 1969.

Plaintiff alleged that defendant Edward Lee Boyette was negligent in the following particulars:

"(a) He drove his vehicle on a public highway of North Carolina at a very high rate of speed, far in excess of the posted speed limit of sixty (60) miles an hour and in violation of GS Secs 20-141.

"(b) He drove his vehicle on a public highway of North Carolina in a criminally negligent manner without due caution and circumspection, weaving from one lane to another in an erratic manner and far in excess of the posted speed limit, endangering the person and property of the plaintiff and other persons then using the aforesaid highway in the vicinity of the Boyette vehicle, and amounting to careless and reckless driving in violation of GS Secs 20-140.

"(c) Upon information and belief, plaintiff alleges that he drove his vehicle upon a public highway of the State of North Carolina while he was under the influence of intoxicating liquor to the extent that his driving ability was materially impaired, in violation of GS Secs 20-138.

"(d) While his vehicle was stopped upon the aforesaid highway at a time more than a half hour after sunset and more than a half hour before sunrise and at a time when there was not sufficient light to render clearly discernible any person on the highway at a distance of 200 feet, he failed to display upon such vehicle one or more lamps projecting a white or amber light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle and projecting a red light visible under like conditions from a distance of 500 feet to the rear of such vehicle, in violation of GS Secs 20-134.

"(e) He negligently permitted his automobile to block the traveled portion of the aforesaid highway, in violation of North Carolina law.

"(f) He negligently failed to warn others using the highway of a dangerous condition he had created by leaving his automobile on the traveled portion of the highway when there was a duty upon him to so warn others using the highway, in violation of the laws of the State of North Carolina."

Plaintiff alleged that defendant Oscar Lee Hall was negligent in that:

"(a) He failed to reduce his speed when a special hazard existed on the highway, to wit: when the Boyette and Fowlkes vehicles wholly blocked the right lane of travel and partially blocked the left lane of travel and when the plaintiff (a pedestrian) was standing in the blocked right lane shining a flashlight in the direction of defendant, Oscar Lee Hall, to warn motorists of the special hazard, and when several cars were stopped in the left lane of travel with their emergency flashers blinking, and such failure to reduce speed was in violation of GS Secs 20-141 (c).

"(b) He operated his vehicle upon the aforesaid highway at a speed greater than was reasonable and prudent under the conditions then existing, in violation of GS Secs 20-141 (a).

"(c) He failed to keep a proper lookout, in violation of North Carolina law.

"(d) He failed to stop his vehicle when he saw or should have seen the plaintiff (a pedestrian) on the highway, in violation of GS Secs 20-141(c).

"(e) He failed to stop his vehicle within the radius of the lights thereof or within the range of his vision, in violation of GS Secs 20-141(e)."

Defendants denied that they were negligent, and pleaded contributory negligence on the part of plaintiff. Defendant Boyette further alleged that his negligence, if any, had ceased to operate and was passive when plaintiff was struck by defendant Hall's car, and Boyette specifically pleaded Hall's intervening negligence in bar of plaintiff's right to recover.

The evidence of the plaintiff as set out in his deposition and affidavit tends to show: On 24 December 1969 plaintiff was driving northeasterly on the Raleigh Beltline (a four-lane highway, with two lanes of travel in each direction separated by a grass median) between the Raleigh-Durham exit (U.S. 70) and the North Hills exit when a Buick automobile, owned and operated by defendant Boyette, passed him at an extremely high rate of speed. After the Buick passed, plaintiff observed that car collide with another automobile, owned and operated by Edward Bynum Fowlkes, Sr., near the North Hills exit. The two wrecked cars blocked the right-hand lane and partially blocked the left-hand lane of travel on the Beltline. Plaintiff was a member of the Durham Community Watch, a voluntary organization created to assist governmental officials in the event of emergencies, and his car was equipped with a two-way radio. Plaintiff called his partner on the radio informing him of the accident, instructing him to call the police, and requesting that he stand by in the event an ambulance was necessary. He then pulled his vehicle onto the median, turned his four-way flasher on, and crossed the highway to determine if anyone was hurt. He found that no one was injured and reported that fact to the other radio operator. In the interim several other cars had approached the scene of the accident and some congestion had occurred. Plaintiff stopped several cars by waving his arms and advised them to turn on their four-way flashing lights. He observed other cars pull onto the median and pass the wreck with difficulty. Plaintiff crossed the highway from his parked car and obtained a flashlight from one of the cars that had stopped on the right shoulder. As he

turned and stepped back on the highway to cross, he was struck by a vehicle driven by defendant Oscar Lee Hall. The impact threw plaintiff some 30 feet into the air and severely injured him.

On 28 October 1971 Boyette moved for summary judgment. This motion was heard by Judge Braswell on the pleadings, the motion for summary judgment, the deposition of plaintiff taken on 2 September 1971, and the affidavit of plaintiff dated 15 November 1971. Judge Braswell found from these that there was no genuine issue of fact to be tried, granted Boyette's motion, and dismissed the action as to him.

From the entry of summary judgment in favor of defendant Boyette, plaintiff appealed to the North Carolina Court of Appeals. That court in an opinion by Judge Campbell, concurred in by Chief Judge Mallard, affirmed. Judge Britt dissented.

*Twiggs & McCain by Howard F. Twiggs and Grover C. McCain, Jr.; Yarborough, Blanchard, Tucker & Denson by Charles F. Blanchard and James E. Cline for plaintiff appellant.*

*Maupin, Taylor & Ellis by Armistead J. Maupin for defendant Boyette, appellee.*

MOORE, Justice.

Plaintiff assigns as error the signing and granting of summary judgment for defendant Boyette contending that there is a genuine issue as to defendant Boyette's negligence being a proximate cause of plaintiff's injuries.

The rules for granting summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure (G.S. 1A-1) have been fully discussed in recent decisions of this Court. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897 (1972); *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972); *Harrison Associates v. State Ports Authority,* 280 N.C. 251, 185 S.E. 2d 793 (1971); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). It is, therefore, only necessary to briefly review the pertinent rules of law applicable to entry of summary judgment under that rule.

[1] Rule 56 is not limited in its application to any particular type or types of action, and the procedures are available to both plaintiff and defendant. The purpose of summary judg-

ment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue. Two types of cases are involved: (a) Those where a claim or defense is utterly baseless in fact, and (b) those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial.

The standard for summary judgment is fixed by Rule 56(c). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." See 2 McIntosh, N.C. Practice and Procedure §§ 1660.5 and 1660.10 (2d Ed., Phillips' Supp. 1970); 3 Barron and Holtzoff, Federal Practice and Procedure §§ 1234 and 1236 (Wright Ed., (1958)); Gordon, *The New Summary Judgment Rule in North Carolina,* 5 Wake Forest Intra. L. Rev. 87 (1969).

"The determination of what constitutes a 'genuine issue as to any material fact' is often difficult. It has been said that an issue is material if the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved may not prevail. A question of fact which is immaterial does not preclude summary judgment. It has been said that a genuine issue is one which can be maintained by substantial evidence. Where the pleadings or proof of either party disclose that no cause of action or defense exists, a summary judgment may be granted. . . . " 3 Barron and Holtzoff, supra, § 1234; *Koontz v. City of Winston-Salem, supra; Singleton v. Stewart, supra; Harrison Associates v. State Ports Authority, supra; Kessing v. Mortgage Corp., supra.*

[2] A careful review of the record in the instant case reveals that, conceding defendant Boyette's negligence, plaintiff and defendant Boyette are in agreement as to all the factual particulars concerning the manner in which the plaintiff was injured. There was no "genuine issue as to any material fact." The effect of the undisputed facts was a question of law for the court to determine. 3 Barron and Holtzoff, supra, § 1231; *Koontz v.*

*City of Winston-Salem, supra; Singleton v. Stewart, supra; Harrison Associates v. State Ports Authority, supra; Kessing v. Mortgage Corp., supra.* The issue then becomes: Did the trial court correctly determine the question of law involved?

In an action for recovery of damages for injury resulting from actionable negligence of defendant, plaintiff must show (1) that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed, and (2) that such negligent breach of duty was the proximate cause of the injury, a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which a man of ordinary prudence could have foreseen that such result was probable under the facts as they existed. *Moody v. Kersey,* 270 N.C. 614, 155 S.E. 2d 215 (1967); *Morris v. Transport Co.,* 235 N.C. 568, 70 S.E. 2d 845 (1952); *Godwin v. Nixon,* 236 N.C. 632, 74 S.E. 2d 24 (1952); 6 Strong, N.C. Index 2d, Negligence § 29.

Foreseeability of injury is an essential element of proximate cause. *Luther v. Asheville Contracting Co.,* 268 N.C. 636, 151 S.E. 2d 649 (1966). It is not required that the injury in the precise form in which it occurred should have been foreseeable but only that, in the exercise of reasonable care, consequences of a generally injurious nature might have been expected. *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590 (1966). However, the law requires only reasonable prevision and a defendant is not required to foresee events which are merely possible but only those which are reasonably foreseeable. *Bennett v. R. R.,* 245 N.C. 261, 96 S.E. 2d 31 (1956); 6 Strong, N.C. Index 2d, Negligence § 9.

What is negligence is a question of law, and when the facts are admitted or established, the court must say whether it does or does not exist. This rule extends and applies not only to the negligent breach of duty but also to the feature of proximate cause. *Hudson v. Transit Co.,* 250 N.C. 435, 108 S.E. 2d 900 (1959); *Godwin v. Nixon, supra;* 6 Strong, N.C. Index 2d, Negligence § 30.

Defendant Boyette denied that he was negligent as alleged by plaintiff, but alleged that his negligence, if any, was insulated by the negligence of defendant Hall.

The material facts are not in dispute. Conceding Boyette was negligent, was his negligence insulated by the alleged negligence of defendant Hall? In the leading case on insulated negligence in North Carolina, *Butner v. Spease* and *Spease v. Butner,* 217 N.C. 82, 6 S.E. 2d 808 (1939), Chief Justice Stacy stated:

> "This doctrine of insulating the negligence of one by the subsequent intervention of the active negligence of another really belongs to the definition of proximate cause. *Boyd v. R. R.,* 200 N.C. 324, 156 S.E. 507; *R. R. v. Kellogg,* 94 U.S. 469. The principle is stated in *Craver v. Cotton Mills,* 196 N.C. 330, 145 S.E. 570, as follows: 'While there may be more than one proximate cause, that which is new and entirely independent breaks the sequence of events and insulates the original or primary negligence.' *Lineberry v. R. R.,* 187 N.C. 786, 123 S.E. 1; *Thompson v. R. R.,* 195 N.C. 663, 143 S.E. 186.

>                    *        *        *

> " ' . . . The test . . . is whether the intervening act and the resultant injury is one that the author of the primary negligence could have reasonably foreseen and expected.' *Harton v. Tel. Co.,* 141 N.C. 455, 54 S.E. 299. 'The law only requires reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care, the party whose conduct is under investigation is not answerable therefor. Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted.' *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796; *Beach v. Patton, supra* [208 N.C. 134, 179 S.E. 446]."

In *Insurance Co. v. Stadiem,* 223 N.C. 49, 25 S.E. 2d 202 (1943), Chief Justice Stacy said:

> "In searching for the proximate cause of an event, the question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Do the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? *Milwaukee and St. P.*

*Ry. Co. v. Kellogg,* 94 U.S. 469, 24 L.Ed. 256. Many causes and effects may intervene between the original wrong and the final consequence, and if they might reasonably have been foreseen, the last result, as well as the first and every immediate consequence, is to be considered in law as the proximate cause of the original wrong. But when a new cause intervenes, which is not itself a consequence of the first wrongful cause, nor under the control of the original wrongdoer, nor foreseeable by him in the exercise of reasonable prevision, and except for which the final injurious consequence would not have happened, then such injurious consequence must be deemed too remote to constitute the basis of a cause of action against the original wrongdoer. *McGhee v. R. R., supra* [147 N.C. 142, 60 S.E. 912] ; *Ramsbottom v. R. R.,* 138 N.C. 38, 50 S.E. 448."

In *Godwin v. Nixon,* 236 N.C. 632, 74 S.E. 2d 24 (1952), plaintiff was a passenger in a car driven by one of the codefendants. The driver of a truck owned by the other codefendant had parked the truck on the road in a negligent manner. The driver of the car in which plaintiff was riding drove his car into the parked truck injuring plaintiff. The Court held that the negligence of the truck driver in parking his truck was insulated by the negligence of the driver of the car in which plaintiff was a passenger. Justice Winborne (later Chief Justice), speaking for the Court, said:

" . . . On the other hand, it is manifest from the evidence that the injury of which plaintiff complains was 'independently and proximately produced by the wrongful act, neglect, or default of an outside agency or responsible third person.' In so far as Nixon Brothers [owners of the truck] are concerned, there would have been no injury to plaintiff but for the intervening wrongful act, neglect or default of the driver of the automobile in which she was riding, in failing either to keep a proper lookout for hazards of the road, such as disabled vehicles, or, in the exercise of due care to keep his automobile under such control as to be able to stop within the range of his lights. . . . "

*Accord, Clark v. Lambreth,* 235 N.C. 578, 70 S.E. 2d 828 (1952) ; *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88 (1937).

[3] Plaintiff's own affidavit and deposition, considered by the court in passing upon Boyette's motion for summary judgment,

disclose that plaintiff left a place of safety in the median, crossed a high-speed highway where the traffic was heavy, and borrowed a flashlight from the occupant of a car parked on the right shoulder. He then turned and took one step onto the traveled portion of the highway immediately in front of the oncoming vehicle driven by defendant Hall, was struck by Hall's car, and thereby sustained the injuries for which he seeks to recover damages from both Boyette and Hall. Under these facts, which as between plaintiff and Boyette on this motion must be taken as true, defendant Boyette's negligence, if any, was not a proximate cause of plaintiff's injuries. These facts, of course, have not been established in plaintiff's case against Hall.

Plaintiff, however, contends that Boyette is not entitled to summary judgment because the "rescue doctrine" is applicable to this case, citing *Britt v. Mangum*, 261 N.C. 250, 134 S.E. 2d 235 (1963). In that case a female defendant was operating her car in a negligent manner and was pinned under the vehicle when it overturned. Plaintiff was summoned from his house by another member of his family who had seen the accident. He lifted the automobile in order to free defendant's arm, got her out of the car, and took her into his home. Plaintiff alleged that he sustained substantial injuries in his effort to lift the vehicle. This Court held that the rescue doctrine was applicable under those facts. In *Britt*, Chief Justice Denny quotes with approval from *Norris v. R. R.*, 152 N.C. 505, 67 S.E. 1017 (1910).

> " '* * * (I)t is well established that when the life of a human being is suddenly subjected to imminent peril through another's negligence, either a comrade or a bystander may attempt to save it, and his conduct is not subjected to the same exacting rules which obtain under ordinary conditions; nor should contributory negligence on the part of the imperiled person be allowed, as a rule, to affect the question, * * * (W)hen one sees his fellow-man in such peril he is not required to pause and calculate as to court decisions, nor recall the last statute as to the burden of proof, but he is allowed to follow the promptings of a generous nature and extend help which the occasion requires; and his efforts will not be imputed to him for wrong, * * * unless his conduct is rash to the degree of

reckless; and all of them hold that full allowance must be made for the emergency presented.' "

See also *Alford v. Washington,* 238 N.C. 694, 78 S.E. 2d 915 (1953).

[4] The present case is factually distinguishable from *Britt v. Mangum, supra.* Plaintiff's deposition shows that he came upon the scene of the collision, investigated and found that no one was hurt in the collision, and that neither Boyette nor Fowlkes, the driver of the other car, needed rescuing. Thereafter, plaintiff crossed the highway to get a flashlight, not for the purpose of rescuing Boyette or other occupants of either car but apparently for the purpose of directing traffic, and after obtaining the flashlight he stepped into the highway without seeing defendant Hall's car until "just as he hit me." Under these facts, the rescue doctrine does not apply.

We do not pass upon plaintiff's contributory negligence as this issue may arise in subsequent litigation between plaintiff and defendant Hall.

For the reasons stated above the decision of the Court of Appeals is affirmed.

Affirmed.