CLYDE C. RANDOLPH, JR. v. ELVA J. SCHUYLER

No. 7321DC422

(Filed 13 June 1973)

1. **Evidence §§ 29, 34— contingent fee contract — assignment of portion of proceeds — admissibility**

   In an action to recover upon a contingent fee contract for services rendered by plaintiff attorney in connection with a claim of defendant and her hubsand for insurance benefits, written assignment by defendant and her husband to plaintiff of one-third of the proceeds of a policy on the life of the husband in consideration of the services plaintiff had rendered as their attorney was competent to show performance by plaintiff and as an admission of defendant.

2. **Attorney and Client § 7— action on contingent fee contract — summary judgment for plaintiff**

   Summary judgment was properly entered in favor of plaintiff attorney in an action to recover upon a contingent fee contract for services rendered in connection with a claim of defendant and her husband for insurance benefits where defendant admitted execution of the contingent fee contract and of an assignment of one-third of the proceeds from insurance coverage on the husband's life, defendant admitted the receipt of $13,000 as payment due under the insurance policy and that neither she nor her husband paid plaintiff anything for his services, and there was no dispute that plaintiff's efforts resulted in the reinstatement of the insurance policy from which defendant eventually secured her recovery.

APPEAL by defendant from *Clifford, Judge,* 19 February 1973 Session of District Court held in FORSYTH County.

Randolph v. Schuyler

By complaint filed 19 July 1972, plaintiff seeks to recover from defendant upon a contingent fee contract the sum of $4,333.33 for services rendered by plaintiff as an attorney at law in connection with a claim of defendant and defendant's husband for insurance benefits. Defendant in her answer does not deny the execution of the contract but differs with plaintiff in her interpretation of its legal effect with respect to performance by plaintiff of his obligations thereunder.

The facts disclosed by answers of the plaintiff to interrogatories and the deposition, affidavit, and admissions of the defendant are substantially as follows:

On 3 September 1959 defendant (Mrs. Elva Schuyler) and her husband (R. Lloyd Schuyler) came to plaintiff's law office to confer with him about the possible collection of insurance benefits from a group policy carried by Reynolds Tobacco Company for its employees. Defendant's husband had previously been employed by Reynolds but his employment had been discontinued and his insurance thereby terminated on 17 April 1959. Plaintiff agreed to represent defendant and her husband in pursuance of their claim. The fee for services rendered was to be one-third of any recovery obtained. This agreement was reduced to writing and signed by all parties on 11 September 1959.

The contract provides, in pertinent part:

"That parties of the first part [Schuylers], being advised that they have a cause of action against the EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES by reason of a claim under a policy issued by The Equitable Life Assurance Society of the United States on account of total and permanent disability, do hereby retain and employ party of the second part [Randolph] as their attorney at law and as such on their behalf;

(a) To make all reasonable efforts to obtain compromise settlement of said matter in an amount satisfactory to parties of the first part.

\*    \*    \*

And it is agreed that in full compensation for his services, said party of the second part shall receive a contingent fee in the event of a recovery based upon the amount of recovery according to the following schedule:

(a) Upon compromise settlement without litigation, or upon settlement after institution of court action or upon final judgment in the Superior Court from which there is no appeal, 33⅓%;

\*          \*          \*

. . . In the event that there is no recovery under the claim above referred to, it is expressly understood and agreed that party of the second part shall be entitled to no fee whatsoever."

After communicating with Equitable Life Assurance Society, plaintiff was informed that Mr. Schuyler was not entitled to periodic disability benefits under the group policy. Plaintiff then suggested that he attempt to establish that Mr. Schuyler's permanent disability existed prior to his separation from his employment. The establishment of this fact would permit reinstatement of his life insurance benefits under the policy. Plaintiff assembled and submitted medical proof of disability to Equitable Life, and eventually on 28 March 1960 obtained the reinstatement of life insurance coverage in the amount of $13,000.00 on Mr. Schuyler's life. As long as he remained permanently disabled, the insurance coverage would continue without the payment of any premiums.

Following the reinstatement of the coverage on the life of Mr. Schuyler, defendant and her husband executed a second writing dated 22 April 1960 assigning to plaintiff one-third of the net proceeds of the life insurance policy in consideration of the professional services already rendered by the plaintiff.

This instrument dated 22 April 1960 recites in part:

"AND WHEREAS the parties have heretofore entered into a contract on the 11th day of September, 1959, with respect to the professional services of party of the second part on behalf of parties of the first part;

AND WHEREAS party of the second part has rendered unto parties of the first part valuable professional services as their attorney at law with respect to a claim for life insurance benefits against the Equitable Life Assurance Society of the United States by reason of a certificate of group insurance issued to R. Lloyd Schuyler October 3, 1958, Certificate # 3255N-08931;

\*    \*    \*

NOW, THEREFORE, for and in consideration of professional services rendered to parties of the first part by party of the second part . . .

1. Parties of the first part do hereby convey and assign to party of the second part . . . one-third (⅓) of the net proceeds of certificate of group insurance issued to R. Lloyd Schuyler October 3, 1958, Certificate # 3255N-08931. . . ."

After the death of Mr. Schuyler on 5 March 1972, a check for $13,000.00 representing the proceeds of the insurance policy was sent to the plaintiff and forwarded by him to the defendant with a copy of the 22 April 1960 instrument and an invoice for $4,333.33 which defendant has refused to pay.

On 1 March 1973 the court found that there was no genuine issue of material fact, granted the motion of plaintiff for summary judgment, and allowed recovery from the defendant of the amount claimed under the contingent fee contract.

*Womble, Carlyle, Sandridge & Rice, by Charles F. Vance, Jr., and W. Andrew Copenhaver, for plaintiff appellee.*

*Allen A. Bailey, by Thomas D. Windsor, for defendant appellant.*

BALEY, Judge.

[1] Defendant takes the position that the instrument dated 22 April 1960, which assigned to plaintiff one-third of the proceeds of the insurance policy on the life of her husband in consideration of the services plaintiff had rendered as their attorney, should be excluded from evidence because it was not within the issues raised by the pleadings. We cannot agree.

Under the notice theory of pleading as set out in Rule 8(a), Rules of Civil Procedure, a statement of claim is adequate if it gives sufficient notice of the claim " 'to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought. . . .' " *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E. 2d 161, 165.

In our view the complaint comes within these guidelines and the issues raised are sufficient to permit the introduction of evidence concerning the 22 April 1960 assignment.

The complaint was based upon a contingent fee contract executed on 11 September 1959 and asserted that plaintiff had fulfilled his obligations under such contract. Performance by the plaintiff or lack of it is an issue raised by the pleadings. The 22 April 1960 assignment was evidence of compliance with the September contract and is competent upon this issue. In fact, the April assignment refers to and approves the services rendered by the plaintiff and confirms the understanding of the parties concerning the attorney fee. It would be difficult to show more complete satisfaction on the part of defendant and her husband with the arrangement for the attorney fee than their written assignment of the proportionate part of the proceeds of the life insurance coverage to which they agreed at the time that plaintiff was entitled. If for no other reason, the 22 April 1960 document should be admitted in evidence as an admission of defendants. 2 Stansbury, N. C. Evidence, § 167, § 178 (Brandis Revision 1973).

[2] Defendant also assigns as error the entry of summary judgment awarding recovery to the plaintiff.

Rule 56 (c) of the Rules of Civil Procedure provides a standard for summary judgment:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

In *McNair v. Boyette,* 282 N.C. 230, 234-35, 192 S.E. 2d 457, 460, this purpose for summary judgment is set out:

"The purpose of summary judgment can be summarized as being a device to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue. Two types of cases are involved: (a) Those where a claim or defense is utterly baseless in fact, and (b) those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial."

In this case the defendant admits the execution of the 11 September 1959 contingent fee contract and the execution of the

22 April 1960 assignment of one-third of the proceeds from the insurance recovery. She admits the receipt of $13,000.00 as payment due under the insurance contract and that neither she nor her husband had paid the plaintiff anything for his services in this matter. There is no dispute about the fact that the efforts of the plaintiff resulted in the reinstatement of the insurance policy from which defendant eventually secured her recovery. Defendant contends in her affidavit that the 11 September 1959 contract should be interpreted to apply only to a claim for periodic income payments arising from her husband's disability and that the plaintiff did not secure any such payments and is not entitled to his fee. This contention is refuted by the express provisions of the contract and by the later assignment of one-third interest in the life insurance proceeds.

We hold that summary judgment was properly granted, and judgment is affirmed.

Affirmed.

Judges CAMPBELL and BRITT concur.