H. GLENN WHITE, FLEETA D. WHITE, H. GLENN WHITE, JR. AND JOYCE D. WHITE v. LEMON TREE INN OF RALEIGH, INC., JAMES E. BRIDGMAN, INDIVIDUALLY, THOMAS R. JACKSON, INDIVIDUALLY, L. BRUCE McDANIEL AND SHELDON L. FOGEL, D/B/A/ McDANIEL & FOGEL, ATTORNEYS AT LAW, AND WILLIAM E. ROUSE, JR. (RELATING SOLELY TO THE DEFENDANT ROUSE)

No. 7710SC123

(Filed 17 January 1978)

**Mortgages and Deeds of Trust §§ 29, 33— foreclosure sale—trustee's failure to require cash deposit—crediting indebtedness with amount bid**

> A trustee in a deed of trust did not breach his duty by failing to require the successful bidder at a foreclosure sale to make a cash deposit on its bid where the deed of trust, as permitted by G.S. 45-21.10, gave the trustee discretion as to whether he would require a cash deposit; nor did the trustee breach his duty by crediting the indebtedness with the amount of the bid rather than requiring the successful bidder, who was also the holder of the note secured by the deed of trust, to pay the bid in cash.

APPEAL by plaintiff from *Donald Smith, Judge.* Judgment entered 15 December 1976, in Superior Court, WAKE County. Heard in the Court of Appeals 1 December 1977.

Defendant Rouse was the substitute trustee in the foreclosure of a deed of trust on property leased by plaintiffs to Lemon Tree Inn of Charlotte, Inc. which in turn had transferred and assigned its lease to Lemon Tree Inn of Raleigh, Inc. Among other things, the lease provided for subordination by the plaintiffs to construction financing and permanent financing. A construction loan for $1,750,000 was made by the Central National Bank of Richmond which was to sell the loan to Niagara Permanent Savings and Loan Association (Niagara). Niagara, however, refused to purchase the note and deed of trust and, under the terms of the note, the refusal of Niagara to purchase made the note due and payable "upon demand." The deed of trust was later foreclosed by order of Judge James H. Pou Bailey, and defendant Rouse acted as substitute trustee.

At the foreclosure sale, the holder of the note, the Central National Bank, was the last and highest bidder. No deposit by the bank was required by defendant Rouse. The indebtedness was credited by Central National Bank with One million Nine hundred and Twelve thousand Seven hundred and Eighty dollars and

10/100 ($1,912,780.10), and the deed of trust was foreclosed. Plaintiffs, who alleged the value of their property to be $500,000, received no proceeds.

Plaintiffs' complaint against defendant Rouse alleged that he failed to comply with the law in the foreclosure. From summary judgment for defendant Rouse, plaintiffs appeal.

*Vaughan S. Winborne for plaintiff appellants.*

*Kimzey & Smith, by James M. Kimzey, for defendant appellee.*

ARNOLD, Judge.

We reject plaintiffs' contention that the trial court erred in granting defendant's motion for summary judgment.

One of the two types of cases in which summary judgment is said to be appropriate is one "where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial." *McNair v. Boyette*, 282 N.C. 230, 235, 192 S.E. 2d 457, 460 (1972). We believe that the present case is of this type, and that the trial court correctly granted defendant's motion for summary judgment.

Plaintiffs argue that the action by the trustee, defendant Rouse, was illegal. Their primary complaint is that the trustee failed to require a deposit from the highest bidder, Central National Bank, and that he also failed to require cash payment of the purchase price. Defendant admitted that Central National Bank made no deposit on its bid, and that no cash was received from the sale.

The law as to the requirement of a cash deposit is spelled out in G.S. 45-21.10:

"(a) If a mortgage or deed of trust contains provisions with respect to a cash deposit at the sale, the terms of the instrument shall be complied with.

"(b) If the instrument contains no provision with respect to a cash deposit at the sale, the mortgagee or trustee holding the sale of real property MAY require the highest bidder immediately to make a cash deposit not to exceed ten percent (10%) of the amount of the bid up to and including

one thousand dollars ($1,000), plus five percent (5%) of any excess over one thousand dollars ($1,000)." [Emphasis added.]

The deed of trust in the instant case provided:

"The trustee MAY require the successful bidder at any sale to deposit immediately with the trustee cash or certified check in an amount not to exceed ten percent (10%) of his bid, provided notice of such requirement is contained in the advertisement of sale." [Emphasis added.]

Obviously, by the instrument itself, the trustee had discretion as to whether he would require a deposit from the successful bidder. The trustee's advertisement for the sale which stated that the "highest bidder will be required to make a cash deposit . . ." did not eliminate the trustee's exercise of discretion as to whether he would require the cash deposit.

No authority is presented in support of plaintiffs' other contention that the trustee's closing of the sale with a credit instead of cash amounted to a breach of the trustee's duty. We find no support for this position and reject it.

Having determined that summary judgment for defendant was properly entered we see no need for further discussion of plaintiffs' assignments of error. Summary judgment in favor of defendant Rouse is

Affirmed.

Judges MORRIS and HEDRICK concur.