**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 16-1508**

—————

ERIK ROSS PHILLIPS; TINA LANDERS,

        Plaintiffs – Appellants,

   and

GINA PHILLIPS, spouse,

        Plaintiff,

   v.

PNEUMO ABEX, LLC, a/k/a Abex Corporation, f/k/a American Brake Shoe Company, f/k/a American Brake Shoe and Foundry Company, American Brakeblok Division,

        Defendant – Appellee,

   and

ALBANY INTERNATIONAL CORPORATION; ASTENJOHNSON, INC.; B E & K INC.; BEK CONSTRUCTION, INC.; BORG-WARNER CORPORATION, by its Successor in Interest BorgWarner Morse TEC Inc.; CBS CORPORATION, f/k/a Viacom, Inc., f/k/a Westinghouse Electric Corporation, a Delaware Corporation; CERTAINTEED CORPORATION; CHATTANOOGA BOILER & TANK COMPANY; CLEAVER-BROOKS COMPANY; CRANE CO.; DANIEL INTERNATIONAL CORPORATION; FLOWSERVE US, INC. as successor to Nordtrom Valves, Inc.; FLUOR DANIEL, INCORPORATED, f/k/a Daniel Construction Company, Inc.; FOSTER WHEELER ENERGY CORPORATION; GARDNER DENVER INC.; GENERAL ELECTRIC COMPANY; GENUINE PARTS COMPANY; GOULDS PUMPS, INC.; GRIZZLY INDUSTRIAL, INC.; HENRY VOGT MACHINE COMPANY; HONEYWELL INTERNATIONAL, INC.; INDUSTRIAL HOLDINGS CORPORATION, f/k/a Carborundum Company; INGERSOLL-RAND COMPANY; ITT CORPORATION, Kennedy Valve Manufacturing Company, individually, and as successor to Bell & Gossett; KORBER PAPERLINK NORTH AMERICA, LLC, Clark-

Aiken Company; METROPOLITAN LIFE INSURANCE COMPANY, a wholly-owned subsidiary of MetLife, Inc.; NATIONAL AUTOMOTIVE PARTS ASSOCIATION, INC.; NATIONAL SERVICE INDUSTRIES, INC., f/k/a North Brothers Company; RAPID AMERICAN CORPORATION; RILEY POWER, INC., f/k/a Babcock Borsig Power, Inc., f/k/a D.B. Riley, Inc., f/k/a Riley Stoker Corporation; SEPCO CORPORATION; MONTALVO COMPANY; TRANE U.S. INC., f/k/a American Standard, Incorporated; UNION CARBIDE CORPORATION; UNIROYAL, INCORPORATED, f/k/a United States Rubber Company, Inc.; VIKING PUMP, INCORPORATED; YARWAY CORPORATION; ZURN INDUSTRIES, LLC; KORBER PAPERLINK GMBH, individually and as successor in interest to E.C.H. Will GmbH, successor in interest to Pemco, Inc., successor in interest to Clark-Aiken Company; E.C.H. WILL GMBH; PEMCO, INC., individually and as successor in interest to Clark-Aiken Company; WESTINGHOUSE AIR BRAKE TECHNOLOGIES CORPORATION, d/b/a Wabtec Corporation; RAILROAD FRICTION PRODUCTS CORPORATION; REDDAWAY MANUFACTURING COMPANY, INC.,

Defendants.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cv-00262-MR)

———————————

Argued:  October 24, 2017                    Decided:  December 14, 2017

———————————

Before KING, SHEDD, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished opinon.  Judge Shedd wrote the opinion in which Judge King joined.  Judge Diaz wrote a dissenting opinion.

———————————

**ARGUED:** Mona Lisa Wallace, WALLACE & GRAHAM, PA, Salisbury, North Carolina, for Appellants.  Reagan William Simpson, YETTER COLEMAN LLP, Houston, Texas, for Appellee.  **ON BRIEF:** Michael B. Pross, John S. Hughes, WALLACE & GRAHAM, PA, Salisbury, North Carolina, for Appellants.  Timothy W. Bouch, Amy Melvin DiLorenzo, Yancey A. McLeod III, LEATH, BOUCH & SEEKINGS, LLP, Charleston, South Carolina; April L. Farris, YETTER COLEMAN LLP, Houston, Texas, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Erik Ross Phillips and Tina Landers (collectively "Phillips") appeal the judgment entered in favor of Pneumo Abex, LLC ("Abex") on their negligence claim. For the following reasons, we affirm.

I

Phillips contends that he contracted mesothelioma because of occupational exposure to asbestos in brake linings used in a machine at the facilities of his employer, Champion International Paper Company ("Champion"). Reddaway Manufacturing Company ("Reddaway") made the brake linings, and Abex sold them to Champion's supplier. At trial, Phillips pursued a negligent failure-to-warn theory under North Carolina law against Reddaway and Abex. For their part, Abex and Reddaway argued (among other things) that even if they were negligent, they are not liable because of the intervening negligence of a third party – *i.e.*, Champion. *See generally Boudreau v. Baughman*, 368 S.E.2d 849, 860 (N.C. 1988) ("Where both defendant and a third party are negligent but the third party's negligence is the sole proximate cause of injury, plaintiff cannot recover from defendant.").[1]

The district court submitted Phillips' claims to the jury, with accompanying instructions, using a special verdict form that asked the jury to answer a series of

---

[1] In this context, the terms "intervening," "superseding," and "insulating" are used interchangeably in North Carolina. *See Pope v. Bridge Broom, Inc.*, 770 S.E.2d 702, 713 (N.C. App.), *review denied*, 775 S.E.2d 861 (N.C. 2015).

3

questions concerning each defendant. The two questions that are most pertinent to this appeal are Questions 2 and 3, which read:

> 2. Was the Plaintiff Erik Ross Phillips injured as a proximate result of any negligence on the part of the Defendant(s) in providing the warnings for the brake lining product at issue?
>
> > If your answer to Issue 2 is "Yes" with regard to either or both Defendants, proceed to answer Issue 3. If your answer to Issue 2 is "No" for both Defendants, then your deliberations have come to an end. . . .
>
> 3. Did any negligence on the part of some third party serve to be a superseding or intervening cause of any injury on the part of the Plaintiff Erik Ross Phillips?
>
> > If your answer to Issue 3 is "Yes," then your deliberations have come to an end. . . .

J.A. 523-24.[2]

As to Reddaway, the jury answered "No" on Question 2. This answer, read in conjunction with the jury's answer to Question 1, reflects the jury's finding that although Phillips had frequent and regular exposure to an asbestos-containing brake lining product of Reddaway in his workplace, he was not injured as a proximate result of any negligence by Reddaway. Regarding Abex, the jury answered "Yes" to Questions 2 and 3. These answers reflect the jury's finding that Phillips (who had frequent and regular exposure to an asbestos-containing brake lining product of Abex in his workplace) was injured as a

---

[2] Question 1 asked the jury to decide whether Phillips had frequent and regular workplace exposure to an asbestos-containing brake lining product of either or both defendants. The jury answered "Yes" for both defendants, and the verdict form directed the jury to proceed to Question 2. The verdict form contains additional questions (numbered 4-6) that are not relevant to this appeal.

4

proximate result of Abex's negligence in providing the warnings for the brake lining product, but negligence on the part of a third party was an intervening cause of his injury that became as a legal matter the proximate cause.

Based on these answers, the district court concluded as a matter of law that neither Reddaway nor Abex are liable to Phillips for his injuries, and it entered judgment accordingly. Phillips thereafter moved for a new trial against Abex, which the court denied. Phillips now appeals the judgment as to Abex, seeking partial entry of judgment in his favor or, alternatively, a new trial.

## II

Phillips primarily argues that the jury rendered a legally inconsistent verdict. In his view, the district court erroneously split the concept of intervening negligence (Question 3) from the concept of proximate cause (Question 2), and the jury's answers to these questions are irreconcilable. As he explains: "On the one hand, [the jury] found that Abex's negligence was a proximate cause of plaintiff's injury. On the other hand, it found that a third party was the sole proximate cause of his injury. . . . The jury can only find that defendant's negligence proximately caused the injury, or that an intervening cause was the sole cause, but not both." *Brief of Appellant*, at 13-14. Based on the specific circumstances of this case, we disagree.

When the use of a special verdict form leads to alleged conflicting jury findings, we have a duty to harmonize the jury's answers if it is possible to do so under a fair reading of them. *Gosnell v. Sea-Land Serv., Inc.*, 782 F.2d 464, 466 (4th Cir. 1986). "Where there is a view of the case that makes the jury's answers . . . consistent, they must

5

be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962). In discharging our duty, we must consider the answers in light of the jury instructions, *Gosnell*, 782 F.2d at 467, and we must view the evidence "in the light most favorable to upholding the jury's decision by a finding of consistency," *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001). Here, our task of attempting to harmonize the answers to Questions 2 and 3 is easy because there is no inconsistency.

The North Carolina Supreme Court has held that "[i]n order to insulate the negligence of one party, the intervening negligence of another must be such as to break the sequence or causal connection between the negligence of the first party and the injury, so as to exclude the negligence of the first party as one of the proximate causes of the injury. *An efficient intervening cause is a new proximate cause*. It must be an independent force which entirely supersedes the original action and renders its effect in the chain of causation remote." *Adams v. Mills*, 322 S.E.2d 164, 172-73 (N.C. 1984) (emphasis added and citations omitted). Thus, although "there may be more than one proximate cause, *that which is new and entirely independent* breaks the sequence of events, and insulates the original or primary negligence." *McNair v. Boyette*, 192 S.E.2d 457, 461 (N.C. 1972) (emphasis added and internal punctuation omitted).

The verdict is completely in accord with North Carolina law. In charging the jury regarding Question 2, the district court explained that Phillips had to prove the elements of his negligence claim, including that a defendant's failure to provide an adequate warning or instruction was a proximate cause of his injury. The court defined proximate cause as follows:

6

Proximate cause is a cause which in the natural and continuous sequence produces a person's injury. It is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result. The plaintiffs need not prove that failure to provide an adequate warning or instruction by the defendant under consideration was the sole proximate cause of the injury. The plaintiffs must prove by the greater weight of the evidence only that such failure was a proximate cause.

J.A. 488-89. Continuing, the court charged the jury that if it found each of the elements of negligence, including that a defendant's "failure to provide an adequate warning or instruction was a proximate cause" of Phillips' injury, then it must answer Question 2 "Yes" and proceed to Question 3. J.A. 489. Conversely, the court instructed the jury that if it found that Phillips failed to prove any element of his claim against a defendant, then it must answer "No" and stop deliberating as to that defendant.

The district court then instructed the jury regarding Question 3. The court explained that the defendants contended "that if either of them were negligent, which they both deny, such negligence was not the proximate cause of Erik Ross Phillips' injury because [they] were insulated by the negligence of others." J.A. 490. Calling intervening cause an affirmative defense,[3] the court stated that the defendants bore the burden to

---

[3] Intervening negligence is sometimes referred to as a defense, *see, e.g.*, *Rawl v. United States*, 778 F.2d 1009, 1015 (4th Cir. 1985), but it is actually "an extension of a plaintiff's burden of proof on proximate cause," *Clarke v. Mikhail*, 779 S.E.2d 150, 158 (N.C. App. 2015). Despite this fact, throughout the proceedings the district court and the parties appeared to treat intervening negligence as a defense for which Abex and Reddaway bore the burden of proof. For example, at a pretrial conference, the court discussed submitting intervening negligence as a separate issue from proximate cause because of the parties' different burdens of proof. Later, at the jury charge conference, Phillips unsuccessfully objected to the district court giving an intervening negligence instruction on sufficiency of evidence grounds, but he also stated that it was his burden to prove negligence, and "if negligence is shown to them," then Abex and Reddaway had to (Continued)

7

prove "that some third party was negligent and . . . that such negligence . . . was an intervening or superseding cause of injury" to Phillips. J.A. 491. The court reminded the jury of the proximate cause definition it had previously given, and it elaborated on the law regarding intervening cause:

> A natural or continuous sequence of causation may be interrupted or broken by the negligence of a third person apart from and independent of a defendant. This occurs when a third party's negligence was not reasonably foreseeable by the defendant and causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the defendant's negligence. *Under such circumstances the negligence of such third party not reasonably foreseeable by a defendant insulates the negligence of such defendant and would be the sole proximate cause of injury*. You will consider this issue only if you find that either or both of the defendants were negligent under issue two.
>
> *If you do so find that defendant's negligence would be insulated if the negligence of another person, independent of defendants, was such as to have broken the causal connection or sequence between such negligence of the defendants and Erik Ross Phillips' injury, thereby excluding the defendant's negligence as a proximate cause[,] [t]he negligence of others in this way would become the sole proximate cause of Erik Ross Phillips' injury*. On the other hand, if the causal connection between such negligence of the defendants and Erik Ross Phillips' injury was not broken, then such negligence of the defendant . . . continued to be a proximate cause of Erik Ross Phillips' injury.

J.A. 491-92 (emphasis added).

---

"show why their negligence is stopped or insulated from someone else's conduct." J.A. 405. Ultimately, the court treated intervening negligence as an affirmative defense, thereby mistakenly shifting the burden of proof on that issue to Abex and Reddaway. Faced with different burdens of proof on these issues, the court, without objection, exercised its broad discretion to have the jury decide intervening cause separately from the issue of negligence. Although the error in shifting the burden of proof potentially prejudiced Abex instead of Phillips, the jury nonetheless found that Abex met its burden.

Given the fact that the parties and the district court viewed intervening negligence as an affirmative defense, the court's decision to have the jury decide Questions 2 and 3 separately is eminently sensible. The jury instructions and the verdict form required the jury to consider first (in Question 2) whether Phillips had proven his negligence claim against the defendants without regard to whether there was any intervening negligence of a third party. Properly instructed on this point, the jury found in Phillips' favor. The jury instructions and verdict form then required the jury to consider (in Question 3) the intervening negligence "defense." Properly instructed on this point, the jury found in Abex's favor. Thus, in accord with North Carolina law, the jury found that a new proximate cause (third-party negligence) overtook the original proximate cause (Abex's negligence), thereby becoming as a legal matter the sole proximate cause of the injury. Phillips is understandably dissatisfied with this verdict, but there is nothing improper about it. *See generally Snell v. Norwalk Yellow Cab, Inc.*, 158 A.3d 787 (Conn. App.), *cert. granted*, 169 A.3d 232 (2017).[4]

---

[4] *Snell* is a negligence case involving a defense jury verdict premised on the doctrine of superseding cause. Among other things, the plaintiff contended that the jury's answers on the special verdict form were inconsistent because the jury found that (1) the plaintiff proved that at least some of her injuries were proximately caused by the defendant and (2) the defendants proved their superseding cause defense. The court rejected this argument, explaining that "the jury reasonably could have found that although [the defendants'] actions were a substantial factor in causing the plaintiff's injuries, [the third parties' criminal] actions, which occurred further down the causal chain, superseded the defendants' liability. . . . In other words, the intervening criminal acts could be construed as having superseded any liability attributable to the defendants." 158 A.3d at 809. Viewed in this manner, the court concluded that the jury's answer to the superseding cause question "was not irreconcilable with the determination that [the (Continued)

III

We have carefully considered all of Phillips' arguments and find them to be unavailing. In our view, the jury was adequately instructed on the applicable legal principles, and its verdict is entirely consistent with those principles. Accordingly, the district court did not err by entering judgment on the verdict in Abex's favor or by denying the new trial motion. We find it unnecessary to consider Abex's invited-error argument.

Based on the foregoing, we affirm the judgment.

*AFFIRMED*

---

defendants'] actions also proximately caused the plaintiff's injuries, and both were consistent with the verdict returned in favor of the defendants." *Id.*

DIAZ, Circuit Judge, dissenting:

"When a special verdict form is used and the jury's findings apparently conflict, the court has a duty to harmonize the answers, if it is possible to do so under a fair reading of them. If, however, viewed in the most generous way, the answers are inconsistent with each other, a new trial is ordinarily required." *Ladnier v. Murray*, 769 F.2d 195, 198 (4th Cir. 1985) (internal citations and quotations omitted). Because the jury's answers to Issue 2 and Issue 3 on the special verdict form cannot be reconciled, the district court erred in refusing to grant the plaintiff a new trial. I respectfully dissent.

I.

Issue 2 asked, "Was the Plaintiff Erik Ross Phillips injured as a proximate result of any negligence on the part of the defendant(s) in providing the warnings for the brake lining product at issue?" The jury instructions explained that in order to answer "Yes," the jury had to find that Abex "failed to provide an adequate warning or instruction," and that such failure was "unreasonable" and "created an unreasonable dangerous condition that such defendant knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant." J.A. 486.

But, the instructions for Issue 2 did not stop there. They also required the jury to find "defendant's failure to provide an adequate warning or instruction was a proximate cause of Erik Ross Phillips' injury." J.A. 486–87. The instructions defined proximate cause as:

> [A] cause which in the natural and continuous sequence produces a
> person's injury. It is a cause which a reasonable and prudent person could
> have foreseen would probably produce such injury or some similar

injurious result. The plaintiffs need not prove that failure to provide an adequate warning or instruction by the defendant under consideration was the sole proximate cause of the injury. The plaintiffs must prove by greater weight of the evidence only that such failure was a proximate cause.

J.A. 488–89. By requiring the jury to find proximate cause, the instructions for Issue 2 did not just ask whether Abex's conduct, in a vacuum, created a foreseeable and unreasonably dangerous condition. Rather, they required the jury to identify, based on the facts of the case, a "natural and continuous sequence" between Abex's failure to warn and Phillips's injuries.

In response to Issue 2, the jury answered "Yes" with respect to Abex, meaning that the jury found Abex's failure to warn produced Phillips's injuries through a "natural and continuous sequence" that a reasonable person "could have foreseen." J.A. 488. As a result, the verdict form instructed the jury to proceed to Issue 3.

Issue 3 asked, "Did any negligence on the part of some third party serve to be a superseding or intervening cause of any injury on the part of the Plaintiff Erik Ross Phillips?" The jury instructions, improperly characterizing the issue as an affirmative defense, explained that a superseding or intervening cause occurs "when a third party's negligence was not reasonably foreseeable by the defendant and causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the defendant's negligence." J.A. 491. The instructions further explained that if the jury found such third-party negligence, that negligence "would be the sole proximate cause of injury." J.A. 491.

12

In response to Issue 3, the jury answered "Yes," meaning that (in its view) the unforeseeable negligence of Phillips's employer (in testing the work space for asbestos but failing to take appropriate remedial measures) interrupted any "natural and continuous" sequence between Abex's failure to warn and Phillips's injuries and was therefore the sole proximate cause of Phillips's injuries. In other words, Abex's failure to warn did *not* produce Phillips's injuries through a "natural and continuous sequence" and was *not* a proximate cause.

In my view, the verdict is irreconcilable because Issue 2 and Issue 3 asked the same question, but the jury gave two different answers. If (as Abex alleged) the unforeseeable negligence of Phillips's employer interrupted the "natural and continuous" sequence between Abex's negligence and Phillips's injuries, then there was never a "natural and *continuous*" sequence to begin with. There's a reason why the North Carolina Pattern Instructions warn against submitting insulating negligence as a separate issue. *See* N.C. Pattern Instructions—Civil 102.65 (June 2010). The jury cannot identify a natural and continuous causal chain, as it did under Issue 2, without considering whether some event interrupted the chain, rendering it *not continuous*.

The majority claims the verdicts are consistent because the jury answered Issue 2 "without regard to whether there was any intervening negligence of a third party." *Ante* at 9. But that's impossible. In order to find that there was a reasonably foreseeable, continuous sequence of events leading to Phillips's injury, the jury naturally had to

13

consider whether any of the links in the chain were *not* foreseeable. An unforeseeable

link in the chain is the very definition of intervening negligence.*

The majority points to language from the Supreme Court of North Carolina stating

that there can be a "new and entirely independent" proximate cause that "breaks the

sequence of events" and becomes the sole proximate cause. *McNair v. Boyette*, 192

S.E.2d 457, 461 (N.C. 1972). This language is understandably attractive to my friends

because it suggests that an intervening cause can—for a short moment in the analysis—

be a second proximate cause. But the language is ultimately consistent with the basic

doctrine: an intervening cause must be the *sole* proximate cause. A third party's

negligence is only an intervening cause if it "so entirely supersedes the operation of the

defendant's negligence that it alone, without his negligence contributing thereto in the

slightest degree, produces the injury." *Lineberry v. N. Carolina Ry. Co.*, 123 S.E. 1, 4

(N.C. 1924) (quoting 1 SHEARMAN & REDFIELD ON THE LAW OF NEGLIGENCE § 32 (6th

ed. 1913)). The requirement that an intervening cause be the sole proximate cause is

what distinguishes intervening cause from mere contributing negligence. *See Essick v.*

*City of Lexington*, 65 S.E.2d 220, 225 (N.C. 1951).

The district court here created a two-step inquiry for the jury. But the analysis

described in *McNair* happens simultaneously. And as the court there explained, the

---

* At oral argument, Abex tried to reconcile the verdicts by contending that Issue 2 merely established proximate cause whereas Issue 3 determined whether Abex's failure to warn was the "but-for" cause of Phillips's injuries. But Abex's theory finds no support in the text of the jury instructions, which say nothing specific about but-for causation.

14

doctrine of intervening negligence "really belongs to the definition of proximate cause." *McNair*, 192 S.E.2d at 461. There is no way to isolate the search for a foreseeable "natural and continuous" sequence from the search for an unforeseeable intervening force. The verdict form was an attempt to establish each element of Phillips's claim step-by-step, but Issue 2 and Issue 3 are just different ways of describing the same step. And when sequential verdict form questions overlap and the jury's implicit findings in their answers contradict, a new trial is warranted. *See Ladnier v. Murray*, 769 F.2d 195, 199–200 (4th Cir. 1985).

The majority also relies on *Snell v. Norwalk Yellow Cab, Inc.*, in which a pedestrian sued a taxicab driver for negligence after two drunk teenagers stole the driver's unattended cab (with the keys still in the ignition) and drove it onto a sidewalk where it struck the pedestrian. 158 A.3d 787, 792 (Conn. App. Ct.), *cert. granted*, 169 A.3d 232 (2017). The case though doesn't speak to North Carolina law and primarily addresses whether the superseding cause doctrine applies when an intervening actor is criminally reckless. And insofar as the court there found no inconsistency in a jury verdict that the taxicab driver's negligence was a proximate cause of the pedestrian's injury but that the teenagers' recklessness was a superseding cause of that same injury, I cannot agree.

## II.

"The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some

15

new and independent cause intervening between the wrong and the injury?" *Inge v. Seaboard Air Line Ry. Co.*, 135 S.E. 522, 525 (N.C. 1926) (quoting *Milwaukee & Saint Paul Ry. Co. v. Kellogg*, 94 U.S. 469, 475 (1876)). Both cannot be true at the same time, yet that's precisely what the jury found here. Under Issue 2, the jury found a natural, continuous, and reasonably foreseeable causal chain of events between Abex's failure to warn and Phillips's injuries. Then, under Issue 3, the jury said that there was an interruption in the chain that was *not* reasonably foreseeable. I cannot reconcile these two findings. Because the district court erred in refusing to grant a new trial, I dissent.