DIAZ, Circuit Judge, dissenting: “When a special verdict form is used and the jury’s findings apparently conflict, the court has a duty to harmonize the answers, if it is possible to do so under a fair reading of them. If, however, viewed in the most generous way, the answers are inconsistent with each other, a new trial is ordinarily required.” Ladnier v. Murray, 769 F.2d 195, 198 (4th Cir. 1985) (internal citations and quotations omitted). Because the jury’s answers to Issue 2 and Issue 3 on the special verdict form cannot be reconciled, the district court erred in refusing to grant the plaintiff a new trial. I respectfully dissent. I. Issue 2 asked, “Was the Plaintiff Erik Ross Phillips injured as a proximate result of any negligence on the part of the defendants) in providing the warnings for the brake lining product at issue?” The jury instructions explained that in order to answer ‘Yes,” the jury had to find that Abex “failed to provide an adequate warning or instruction,” and that such failure was “unreasonable” and “created an unreasonable dangerous condition that such defendant knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.” J.A. 486. But, the instructions for Issue 2 did not stop there. They also required the jury to And “defendant’s failure to provide an adequate warning or instruction was a proximate cause of Erik Ross Phillips’ injury.” J.A, 486-87. The instructions defined proximate cause as: [A] cause which in the natural and continuous sequence produces a person’s injury. It is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result. The plaintiffs need not prove that failure to provide an adequate warning or instruction by the defendant under consideration was the sole proximate cause of the injury. The plaintiffs must prove by greater weight of the evidence only that such failure was a proximate cause. J.A. 488-89. By requiring the jury to find proximate cause, the instructions for Issue 2 did not just ask whether Abex’s conduct, in a vacuum, created a foreseeable and unreasonably dangerous condition. Rather, they required the jury to identify, based on the facts of the case, a “natural and continuous sequence” between Abex’s failure to warn and Phillips’s injuries. In response to Issue 2, the jury answered “Yes” with respect to Abex, meaning that the jury found Abex’s failure to warn produeed-Phillips’s injuries through a “natural and continuous sequence” that a reasonable person “could have foreseen.” J.A. 488. As a result, the verdict form instructed the jury to proceed to Issue 3. Issue 3 asked, “Did any negligence on the part of some third party serve to be a superseding or intervening cause of any injury on the part of the Plaintiff Erik Ross Phillips?” The jury instructions, improperly characterizing the issue as an affirmative defense, explained that a superseding or intervening cause occurs “when a third party’s negligence was not reasonably foreseeable by the .defendant and causes its own natural and continuous sequence which interrupts, breaks, displaces or supersedes the consequences of the defendant’s negligence.” J.A. 491. The instructions further explained that if the jury found such third-party negligence, that negligence “would be the sole proximate cause of injury.” J.A. 491. In response to Issue 3, the jury answered- “Yes,” meaning that (in its view) the unforeseeable negligence of Phillips’s employer (in testing the work space for asbestos but failing to take appropriate remedial measures) interrupted any “natural and continuous” sequence between Abex’s failure to warn and Phillips’s injuries and was therefore the sole proximate cause of Phillips’s injuries. In other words, Abex’s failure to warn did not produce Phillips’s injuries through a “natural and continuous sequence” and was not a proximate cause. In my view, the verdict is irreconcilable because Issue 2 and Issue 3 asked the same question, but the jury gave two different answers. If (as Abex alleged) the unforeseeable negligence of Phillips’s employer interrupted the “natural and continuous” sequence between Abex’s negligence and Phillips’s injuries, then there was never a “natural and continuous” sequence to begin with. There’s a reason why the North Carolina Pattern Instructions warn against submitting insulating negligence as a separate issue. See N.C. Pattern Instructions—Civil 102.65 (June 2010). The jury cannot identify a natural and continuous causal chain, as it did under Issue 2, without considering whether some event interrupted the chain, rendering it not continuous. The majority claims the verdicts are consistent because the jury answered Issue 2 “without regard to whether there was any intervening negligence of a third party.” Ante at 196. But that’s impossible. In order to find that there was a reasonably foreseeable, continuous sequence of events leading to Phillips’s injury, the jury naturally had to consider whether any of the links in the chain were not foreseeable. An unforeseeable link in the chain is the very definition of intervening negligence.* The majority points to language from the Supreme Court of North Carolina stating that there can be a “new and entirely independent” proximate cause that “breaks the sequence of events” and becomes the sole proximate cause. McNair v. Boyette, 282 N.C. 230, 192 S.E.2d 457, 461 (1972). This language is understandably attractive to my friends because it suggests that an intervening cause can—for a short moment in the analysis—be a second proximate cause. But the language is ultimately consistent with the basic doctrine: an intervening cause must be the sole proximate cause. A third party’s negligence is only an intervening cause if it “so entirely supersedes the operation of the defendant’s negligence that it alone, without his negligence contributing thereto in the slightest degree, produces the injury.” Lineberry v. N. Carolina Ry. Co., 187 N.C. 786, 123 S.E. 1, 4 (1924) (quoting 1 Shear-man & Redfield on the Law of Negligence § 32 (6th ed. 1913)). The requirement that an intervening cause be the sole proximate cause is what distinguishes intervening cause from mere contributing negligence. See Essick v. City of Lexington, 233 N.C. 600, 65 S.E.2d 220, 225 (1951). The district court here created a two-step inquiry for the jury. But the analysis described in McNair happens simultaneously. And as the court there explained, the doctrine of intervening negligence “really belongs to the definition of proximate cause.” McNair, 192 S.E.2d at 461. There is no way to isolate the search for a foreseeable “natural and continuous” sequence from the search for an unforeseeable intervening force. The verdict form was an attempt to establish each element of Phillips’s claim step-by-step, but Issue 2 and Issue 3 are just different ways of describing the same step. And when sequential verdict form questions overlap and the jury’s implicit findings in their answers contradict, a new trial is warranted. See Ladnier v. Murray, 769 F.2d 195, 199-200 (4th Cir. 1985). The majority also relies on Snell v. Norwalk Yellow Cab, Inc., in which a pedestrian sued a taxicab driver for negligence after two drunk teenagers stole the driver’s unattended cab (with the keys still in the ignition) and drove it onto a sidewalk where it struck the pedestrian. 172 Conn. App. 38, 158 A.3d 787, 792, cert. granted, 325 Conn. 927, 169 A.3d 232 (2017). The case though doesn’t speak to North Carolina law and primarily addresses whether the superseding cause doctrine applies when an intervening actor is criminally reckless. And insofar as the court there found no inconsistency in a jury verdict that the taxicab driver’s negligence was a proximate cause of the pedestrian’s injury but that the teenagers’ recklessness was a superseding cause of that same injury, I cannot agree. II. “The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury?” Inge v. Seaboard Air Line Ry. Co., 192 N.C. 522, 135 S.E. 522, 525 (1926) (quoting Milwaukee & Saint Paul Ry. Co. v. Kellogg, 94 U.S. 469, 475, 24 L.Ed. 256 (1876)). Both cannot be true at the same time, yet that’s precisely what the jury found here. Under Issue 2, the jury found a natural, continuous, and reasonably foreseeable causal chain of events between Abex’s failure to warn and Phillips’s injuries. Then, under Issue 3, the jury said that there was an interruption in the chain that was not reasonably foreseeable.' I cannot reconcile these two findings. Because the district court erred in refusing to grant a new trial, I dissent. At oral argument, Abex tried to reconcile the verdicts by contending that Issue 2 merely established proximate cause whereas Issue 3 determined whether Abex’s failure to warn was the “but-for” cause of Phillips's injuries. But Abex’s theory finds no support in the text of the jury instructions, which say nothing specific about but-for causation.